WILLIAM M. CHADBOURNE and Another, as Trustees in Bankruptcy of UNITED STATES MAIL STEAMSHIP COMPANY, INC., Respondents, *v.* CHARLES MAYER and Others, Defendants, Impleaded with THE RITZ CARLTON RESTAURANT AND HOTEL COMPANY, INC., Appellant.

First Department, January 25, 1924.

Pleadings — action to compel appellant to account for moneys received by it from funds of bankrupt corporation in payment of individual debts of officers — complaint states action at law only and should be dismissed.

A complaint in an action to compel the appellant to account for moneys received by it which belonged to a corporation, now bankrupt, in payment of the individual obligations of the officers of the corporation, should be dismissed, since the action alleged is entirely cognizable at law but the relief demanded is purely equitable, and the complaint contains no allegation on which equitable relief may be based or that the plaintiff does not have an adequate remedy at law.

APPEAL by the defendant, The Ritz Carlton Restaurant and Hotel Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of July, 1923, denying said defendant's motion to dismiss the complaint made upon the

ground that it does not state facts sufficient to constitute a cause of action against said defendant.

*Rhinelander, Durkin & Perkins* [*Edward N. Perkins* of counsel], for the appellant.

*Louis Frankel* and *George C. Sprague* [*David Cohen* of counsel], for the respondents.

McAvoy, J.:

The theory of this action is that the defendants Mayer and one McIntosh, being officers of the bankrupt company, the United States Mail Steamship Company, Inc., diverted funds of the bankrupt to the Ritz Carlton Restaurant and Hotel Company, Inc., hereinafter called the Ritz Carlton Company, by paying their individual debts with the corporate funds of the bankrupt, and that the Ritz Carlton Company had knowledge of this diversion, to wit, that they had knowledge that the debts were the individual debts of the Mayers and McIntosh, and that the moneys which paid these individual debts were the funds of the bankrupt company.

The complaint alleges that the Ritz Carlton Company knew that it was receiving corporate funds, but it does not allege that it knew or had reason to know that the debts being paid with these funds were not corporate debts. However, this latter knowledge may be inferred from the nature of the debts which the individual defendants were contracting with the Ritz Carlton Company. The relief demanded against the Ritz Carlton Company is that it be required and compelled to account for the moneys of said bankrupt received by it in payment of the debts of said defendants the Mayers and McIntosh which they paid on checks improperly drawn against corporate funds.

There is no equitable remedy of rescission; no demands to impound a fund said to be held in trust; no mutual account set out between the Ritz Carlton Company and the defendants or the bankrupt which the court is called upon to settle. The cause of action that is alleged is entirely cognizable at law, but the relief demanded is purely equitable. When the relief demanded is solely equitable and the complaint states but an action at law, which requires no remedy in equity for its fulfillment, the complaint is demurrable.

The rule has been recently stated in *Robinson* v. *Whitaker, Nos. 1–4* (205 App. Div. 286), by Mr. Justice MERRELL for the court, as follows: " The action having been brought on the equity side of the court, the law is well settled that the complaint should show that the plaintiff has no adequate remedy at law. If the complaint shows upon its face that the plaintiff has an adequate remedy at

law, a motion to dismiss made under rule 106 of the Rules of Civil Practice should be granted, with leave to serve a proper complaint on the law side of the court."

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion as to the defendant, The Ritz Carlton Restaurant and Hotel Company, Inc., granted, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements and motion granted, with ten dollars costs.