Rowland B. Page, Respondent, *v.* St. Lawrence Condensed Milk Corporation and Others, Appellants.

Third Department, May 26, 1925.

Pleadings — complaint — relief demanded — complaint in action at law that demands equitable relief dismissed — paragraphs containing repetitions or evidentiary allegations should not have been pleaded.

A complaint setting forth a cause of action at law but asking for equitable relief will be dismissed, where objection is taken thereto before the answer is served.

*It seems,* that several paragraphs of the complaint alleged repetitious or evidentiary matter contrary to proper pleading.

Appeal by the defendants, St. Lawrence Condensed Milk Corporation and others, from an order of the Supreme Court, made at the Warren Special Term and entered in the office of the clerk of the county of St. Lawrence on the 1st day of December, 1924, denying the defendants' motion for an order requiring plaintiff to separately state and number his causes of action and the allegations thereof, dismissing the action upon the ground that the cause of action in so far as set forth in the complaint is an action at law; striking out each and all of the several allegations contained in the plaintiff's complaint numbered and designated 2, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13; requiring the plaintiff to serve an amended complaint upon the ground that the allegations contained therein are indefinite, uncertain and obscure; striking out so much of paragraph marked 3 as alleges " it being the intent and meaning of said agreement that said plan of incorporation should be read with and considered a part of said agreement of employment and *vice versa;* " directing the plaintiff to make more definite and certain allegations contained in paragraph numbered 6 of said complaint; striking out certain allegations of said paragraph 6; and requiring plaintiff

to serve an amended complaint dropping Brown & Bailey Condensed Milk Company and St. Lawrence Condensed Milk Corporation.

*Sparks & Fuller* [*Jesse Fuller, Jr.,* of counsel], for the appellants.

*Lawrence Russell* and *Frank L. Cubley,* for the respondent.

PER CURIAM:

It was held at Special Term and we understand it to be the contention of the plaintiff that the complaint sets forth a cause of action at law. Judgment, however, is demanded not for legal but for equitable relief. This is a defect which if objection thereto is properly made before answer, as it is in this case, requires a dismissal of the complaint. (*Consolidated Rubber Tire Co.* v. *Firestone Tire & Rubber Co.,* 135 App. Div. 805; affd., 199 N. Y. 536; *Chadbourne* v. *Mayer,* 207 App. Div. 754; *Spring* v. *Fidelity Mutual Life Ins. Co.,* 183 id. 134.) The case of *Sims* v. *Farson* (157 App. Div. 38), a case in this court, decided nothing to the contrary. That was an action at law and the demand for judgment while unusual in form was really a demand for a money judgment. It was stated in the opinion to be " practically a demand for $2,000 with accrued interest." That the court did not intend to decide anything opposed to the foregoing views is apparent from the fact that the judge who wrote the opinion in that case also wrote the opinions in two of the three cases first above cited. A plaintiff in a common-law case may be entitled to the provisional remedy of an injunction or of a receivership or may be entitled to an examination of a party before trial to ascertain the condition of accounts or otherwise without being entitled to ask for those methods of relief in his demand for judgment, the effect of which would be to characterize or label his action as one in equity when in fact it is an action at law. Such a practice may have the effect of misleading opposing counsel and the trial justice. While for the reasons stated the complaint must be dismissed, it may not be out of place to indicate that the 8th, 12th, 13th and 14th paragraphs of the complaint are irrelevant although no criticism has been leveled against the 14th paragraph. They are either repetitious or evidentiary in character. A complaint should contain a concise statement of the facts constituting the cause of action. This does not mean that evidence should be pleaded but the facts which the plaintiff intends to support by evidence to be produced at the trial. (See Civ. Prac. Act, §§ 241, 255.)

The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint should be

granted, with ten dollars costs, but with leave to the plaintiff to serve an amended complaint on the payment of said costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion to dismiss complaint granted, with ten dollars costs, but with leave to the plaintiff to serve an amended complaint on the payment of said costs.