THE FUR AND WOOL TRADING COMPANY (D. BIEDERMANN), LIMITED, Appellant, *v.* GEORGE I. FOX, INC., Respondent.

First Department, February 4, 1927.

**Equity — action for accounting for proceeds of furs stolen from plaintiff and purchased by defendant with guilty knowledge — plaintiff has adequate remedy at law — action in equity cannot be maintained.**

An action in equity cannot be maintained .to compel an accounting by the defendant for the proceeds of furs stolen from the plaintiff by third persons and purchased by the defendant, with guilty knowledge, who, in turn, sold the furs at a profit.  The plaintiff has an adequate remedy at law to recover not only the value of the furs, but the profit realized thereon.

Appeal by the plaintiff, The Fur and Wool Trading Company (D. Biede mann), Limited, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of December, 1925, granting defendant's motion to dismiss the amended complaint on the ground of insufficiency, and also from a judgment entered in said clerk's office on the 11th day of February, 1926, pursuant to said order.

*Otto C. Sommerich* of counsel [*Maxwell C. Katz* with him on the brief; *Katz & Sommerich*, attorneys], for the appellant.

*J. W. Friedman* of counsel [*I. Gainsburg*, attorney], for the respondent.

Proskauer, J.    Plaintiff appeals from an order and a judgment dismissing the complaint for failure to state a cause of action in equity.    Its allegations are that Sipailo stole furs from the plaintiff, sold them to agents of the defendant, that both defendant and the agents had guilty knowledge of the theft, that the defendant resold the furs at a profit, and that the legal remedy is inadequate. Its prayer is for an accounting.

These allegations establish that the defendant may, under certain conditions, be treated as a trustee *ex maleficio.*    (*Newton* v. *Porter,* 69 N. Y. 133; *Lightfoot* v. *Davis,* 198 id. 261; *American Sugar Ref. Co.* v. *Fancher,* 145 id. 552.)    This plaintiff, however has an adequate remedy at law to recover not only the value of the stolen furs, but the profits upon their resale.    Professor Ames writes in 19 Harvard Law Review, 514: " At one time an action for money had and received was not allowed against a converter for the proceeds of the sale of the converted chattel.    But this doctrine was overruled two centuries ago."

In *Lamine* v. *Dorrell* (2 Ld. Raym. 1216; 92 Eng. Rep. R. 303), the authority referred to, the action was *indebitatus assumpsit;* debentures had been converted by a pseudo administrator and sold by him; he was held liable for the entire resale price; Powell, J., writing: " But the plaintiff may dispense with the wrong, and suppose the sale made by his consent, and bring an action for the money they were sold for, as money received to his use."

The modern authorities following *Lamine* v. *Dorrell* are thus summarized in Keener on Quasi-Contracts (p. 170): " If the defend-ant has converted the plaintiff's property, and in the act of conversion, or thereafter, sells the same, the plaintiff may  *  *  *  waive the tort and sue in assumpsit, using the count for money had and received to recover the proceeds of the sale."

In *Comstock* v. *Hier* (73 N. Y. 269, 275), where the defendants

had converted a note, ALLEN, J., writes: " The plaintiff had an election of remedies, trover for the conversion of the note, or an action for money had and received for the amount which the defendants realized upon the sale of the note."

Equity should, therefore, decline jurisdiction.

Most of the jurisdiction of equity falls into two categories. One, generally exclusive, depends upon the substantive ·character of the right sought to be enforced; the other, generally concurrent, as a rule depends upon the inadequacy of the legal remedy. The former is predicated upon such fiduciary relationships as trusts and similar matter historically the province of the Chancery Court. (*Minion* v. *Warner*, 238 N. Y. 413.) It may include such constructive trusts as are implied by equity to protect those for whose benefit an actual trust relation was created against those who, though not trustees, have wrongfully interfered with the trust *res*. (1 Pom. Eq. Juris. [4th ed.] §§ 146, 155; 33 Harv. Law Rev. 421; Clark Eq. § 281; 6 Col. Law Rev. 326.) In these cases plaintiff may have a substantive right which he is entitled to enforce in equity, irrespective of his remedies at law.

In the other class falls the case where the substantive right is merely legal, arising out of no true traditional chancery relationship, and the resort to equity is permitted only because some extraneous circumstance makes it impossible to secure relief by a money judgment.

*Falk* v. *Hoffman* (233 N. Y. 199) and *McKenzie* v. *Wappler Electric Co.* (215 App. Div. 336) belong to the first class; there equity took jurisdiction on account of the initial fiduciary relationship and the inadequacy of the legal remedy to follow the specific product of the *res*. In *Falk* v. *Hoffman* (233 N. Y. 199, 202) CARDOZO, J., specifically pointed out that " the trust with its incidents is the foundation of the remedy."

To the other class of cases belong *Newton* v. *Porter* (69 N. Y. 133) and *American Sugar Ref. Co.* v. *Fancher* (145 id. 552), where the basis of equity jurisdiction was the inadequacy of the law to follow the stolen *res* or its proceeds into the hands of an insolvent and impose an equitable lien thereon. ( *United States* v. *Bitter Root Co.*, 200 U. S. 451, 473.) Such, also, are the cases cited by Professor Ames in " Following Misappropriated Property " (19 Harv. Law Rev. 513, note 6).

In *Lightfoot* v. *Davis* (198 N. Y. 261) the right of action at law for the proceeds of stolen securities was barred by the Statute of Limitations under the peculiar wording of the then existing subdivision 5 of section 382 of the Code of Civil Procedure, which provided that it was only in actions other than for a sum of money

that the cause of action is not deemed to have accrued until the discovery of the fraud. The legal remedy being barred, the court refused to al ow the tort feasor to " allege his own wrong for the purpose of carrying back the injury to a time which will let in the statute." The defense of the adequacy of the legal remedy was not considered.

There is no authority for the proposition here advanced by appellant that the injured party can sue in equity in every case of criminal conversion.

The allegations of this complaint show no inadequacy of legal remedy, but rather that the legal remedy is sufficient. It, therefore, fails to state a cause of action in equity.

The judgment and order appealed from should be affirmed, with costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment and order affirmed, with costs.