WILLIAM P. RILEY, Appellant, *v.* PIERCE OIL CORPORATION, Respondent.

**Trial — evidence — appeal — complaint properly dismissed for failure of proof — Court of Appeals may not disturb discretion of trial court as to supply of defects in evidence.**

1. An action wherein plaintiff seeks to recover on the theories that certain merchandise belonging to him, situated in a foreign State, was there converted by defendant and that a certain contract made in the foreign State between himself and a corporation of that State binds the defendant either as an undisclosed principal or because, having complete control of the foreign corporation, the contract was in fact made with it, is properly dismissed for failure of proof, in the absence of evidence as to the law of the foreign State.

2. The judgment is a final determination on the merits and the discretion exercised below in regard to permitting the defects in the evidence to be supplied may not be disturbed in this court.

*Riley* v. *Pierce Oil Corporation*, 217 App. Div. 744, affirmed.

(Argued March 31, 1927; decided May 3, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 29, 1926, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

1927.] Opinion *Per Curiam.* [245 N. Y. 152]

*Arthur B. Hyman, Joseph C. Slaughter* and *O. M. Fitzhugh* for appellant. Plaintiff was not required to plead and prove the laws of Mexico. (*Cuba R. R. Co.* v. *Crosby,* 222 U. S. 473; *Parrot* v. *Mexican Central Ry. Co.,* 207 Mass. 184; *Silsbury* v. *McCoon,* 3 N. Y. 379; *McDonald* v. *Mallory,* 77 N. Y. 546; *Whitford* v. *Panama R. R. Co.,* 23 N. Y. 465; *Metcalf Co., Ltd.,* v. *Mayer,* 213 App. Div. 614; *Aslanian* v. *Dostunian,* 174 Mass. 328.)

*Eugene Untermyer* and *Leonard Acker* for respondent. The first cause of action was properly dismissed because the appellant failed to allege or prove the law of Mexico sustaining his right to sue for conversion. (*McDonald* v. *Mallory,* 77 N. Y. 546; *Parrot* v. *Mexican Central R. R. Co.,* 207 Mass. 184; *Cuba R. R. Co.* v. *Crosby,* 222 U. S. 473; *Christie* v. *Cerro de Pasco Copper Corp.,* 214 App. Div. 820; 154 N. E. Rep. 603; *Oehler* v. *Hamburg-American Line,* 84 Misc. Rep. 272; *Aslanian* v. *Dostunian,* 174 Mass. 328; *Panama, etc., Ry. Co.* v. *Mayers,* 249 Fed. Rep. 19; *Leach* v. *Pillsbury,* 15 N. H. 137; *Owen* v. *Boyle,* 15 Maine, 147; *Crashley* v. *Press Pub. Co.,* 179 N. Y. 27; *Dainese* v. *Hale,* 91 U. S. 13; *Thompson* v. *Ketchum,* 8 Johns. 189.) The second cause of action was also properly dismissed because the appellant failed to plead or prove the law of Mexico imposing liability upon the defendant, Pierce Oil Corporation. (*Union Nat. Bank* v. *Chapman,* 169 N. Y. 538; *Parrot* v. *Mexican Central R. R. Co.,* 207 Mass. 184; *Monroe* v. *Douglass,* 5 N. Y. 447; *Savage* v. *O' Neil,* 44 N. Y. 298; *Hynes* v. *McDermott,* 82 N. Y. 41; *Schweitzer* v. *H. A. P. A. G.,* 149 App. Div. 900; *Russian Ins. Co.* v. *Stoddard,* 211 App. Div. 132.)

*Per Curiam.* This judgment should be affirmed, with costs. The plaintiff seeks a recovery on the theory:

1. That certain oil belonging to him situated in Mexico was there converted by the defendant, and

2. That a certain contract made in Mexico between himself and a Mexican corporation binds the defendant,

either as an undisclosed principal or because, having complete control of the Mexican corporation, the contract was in fact made with it.   Whatever might be the rule in New York, there is a failure of proof on both branches of the case.

A recovery in conversion is d .pendent upon proof of title in or a right of possession of the goods in question. Whether the plaintiff had either under the facts before us depends upon the law of Mexico.   As to what that law may be we are given no information.

For the same reason there may be no recovery on the second theory.   Even in our State an undisclosed principal is not always responsible for the acts of its agents — for instance, as to contracts under seal.   As to the liability of a corporation holding all the stock and dictating the action of a subsidiary there is uncertainty.   At best slight shading of the facts creates possible distinctions. What may be the rule in Mexico we do not know.

Whether had such defects in the evidence been supplied there should have been a dismissal of the complaint we need not decide.   As it stands the judgment is a final determination on the merits.   (Civ. Prac. Act, sec. 482.) The discretion exercised below in this regard we may not disturb.   If the plaintiff has any remedy by motion or otherwise, it is not here.

CRANE, J. (dissenting).   Venable by contract granted to Combustible Oil Company his rights to drill for oil in certain properties in Mexico.   Combustible Oil Company agreed for these rights to give him seventeen (17%) per cent of the oil taken out.   Within a few months after oil came, the Pierce Oil Corporation ran 293,016.33 barrels of the oil through its pipe lines to the coast; then to its refinery and sold it.   Venable never received any oil nor any pay for it.

The Combustible Oil Company was a creature of the Pierce Oil Corporation which owned all of its stock.

The officers of the Combustible Oil Company were officers or employees of the Pierce Oil Corporation. The Combustible Oil Company had no money. Every dollar was advanced to it by the Pierce Oil Corporation. The contract made with Venable had to be approved by the executive committee of the Pierce Oil Corporation. All matters affecting the acquisition of lands and the production of oil in Mexico by the Combustible Oil Company were referred to the executive committee of the parent company. Officers and employees of the Combustible Oil Company could not be engaged or discharged without the consent of the Pierce Oil Corporation.

The Combustible Oil Company was a mere shell; it was the creature of the Pierce Oil Corporation which dominated and controlled every move it made. Through a contract made in its name, the Pierce Oil Corporation got all the oil. For this purpose was the subsidiary corporation created. Under these circumstances the defendant, the Pierce Oil Corporation, should keep the contract made in the name of its dummy and pay for the oil taken. It should not be permitted to hide behind the mere corporate entity of the Combustible Oil Company which has no existence beyond the corporate name. On such a fundamental proposition as a liability to pay for property taken or purchased, I cannot imagine the law of Mexico being different than the common law of our own country. Referring to Mexico, the Supreme Court of Massachusetts said in *Parrot* v. *Mexican Central Railway Co.* (207 Mass. 184):

" There is every reason why they should be presumed to recognize fundamental principles of right and wrong which lie at the foundation of human society; and to hold that a direct violation of these principles, to the injury of another person, creates a legal liability. If one should sue on a contract for goods sold and delivered in France, upon a promise to pay a certain price for them, it would seem unreasonable that a plaintiff should be

[245 N. Y. 156] Statement of case. [May,

obliged to bring evidence from that country that a breach of such a contract there creates a liability. So if one should sue for damages suffered from an assault and battery, or from a larceny committed there. There ought to be a presumption from common knowledge that a liability exists everywhere in such cases.

" Some courts have gone further, and have held that, in the absence of any proof of the foreign law, the court will administer the law of its own jurisdiction. This is the law in New York, and in the Supreme Court of the United States. *Hynes* v. *McDermott,* 82 N. Y. 41. *The Scotland,* 105 U. S. 24, 29, 30."

Such conduct as the defendant's may account in part for the recent attitude of the government of Mexico toward oil concessions.

For these reasons I vote for reversal.

CARDOZO, Ch. J., ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur in *per curiam* opinion for affirmance; CRANE, J., dissents in opinion in which POUND, J., concurs.

Judgment affirmed, etc.