Albert Small and Morris Klinger, Copartners, etc., Plaintiffs, *v.* Aron Kronstat, Individually, etc., and Another, Defendants.

Supreme Court. Trial Term, New York County  December 5, 1940.

*Joseph Kane*, for the plaintiffs.

*David Lapidus* and *Murray Forer*, for the defendants.

CAREW, J.   The complaint alleges that for some time prior to October 21, 1940, under a written contract of employment attached to the complaint, to expire on April 25, 1945, the plaintiffs had in their employ the defendant Sigsmund Konzior, a skilled mechanic or artisan, whose craft was to fit into watch cases of various designs a transparent plastic composition resembling transparent celluloid as a crystal over the dials.   The defendant Kronstat, engaged in the same business as the plaintiffs and knowing of the contract of employment between the plaintiffs and the defendant Konzior, induced him to leave the service of the plaintiffs and to enter his service in direct competition with the plaintiffs, at a salary of sixty dollars a week, which was an increase of twenty dollars. The complaint alleged damage caused by the aforesaid breach of contract and inducement, and all of the foregoing allegations were well established on the trial and, indeed, are not in any way whatsoever disputed by the defendants.

In addition to the foregoing allegations of the complaint thus established and found, the complaint alleged that the defendant Konzior was a craftsman of unique, peculiar and even artistic skill.   On the trial, however, the plaintiffs utterly failed to establish anything of this kind, but on the contrary by their own evidence and on the evidence of the defendants it is certain that the defendant Konzior is merely a skilled mechanic, but that he himself had not acquired his skill very long and that in his service with the plaintiffs he had been able to impart a very substantial part of his skill to several of his coemployees and after he left the service of the plaintiffs carried on very well but because of their then

experience it was necessary to send some of the work out, thus causing damage and loss to the plaintiffs   But the evidence compels the conclusion that the defendant Konzior is nothing more than a skilled mechanic or artisan and that it will not be difficult at all to replace him at substantially the same wage as he was receiving from the plaintiffs.

Under these circumstances, I do not see how it is possible to grant an injunction as prayed for in the complaint, forbidding Konzior to continue in the service of the defendant Kronstat, and that being so, this action cannot be sustained on any principles of equity, and no relief in equity can be granted to the plaintiffs.

But the plaintiffs have conclusively established as against the defendant Konzior a breach of his five-year contract, and as against the defendant Kronstat a selfish, intentional, willful inducement of that breach and not only that breach but also seducing from the plaintiff another employee named Ferrari   Under these circumstances, I am, therefore, obliged to find that the defendant Kronstat is liable in damages to the plaintiffs under the elementary principles of *Lumley* v. *Gye* (2 El. & Bl 216) and *Hornstein* v *Podwitz* (254 N. Y. 443).   The plaintiffs alleged in their complaint that they had no adequate remedy at law   I distinctly find that they have at law an adequate, sufficient and the only remedy they have. The defendants each in his answer specifically pleaded that the plaintiffs had an adequate and complete remedy at law for damages, and I find that this is so and that no equitable relief can be granted.

Prior to the fusion of law and equity by the Constitution of 1846 the case as a suit in equity would have had to be dismissed.   The purpose of that fusion was to avoid such a result, but bench and bar sometimes have failed to appreciate the effect of that fusion even until this late date.   In *Jackson* v. *Strong* (222 N. Y. 149), decided in December, 1917, the Court of Appeals reversed a judgment entered on the report of a referee, confirmed at Special Term, and suggested that the complaint be amended so as to make it a formal action at law and sent it for trial by jury to Trial Term.

Relying largely on that opinion, the Appellate Division, First Department, in November, 1923, in *Poth* v. *Washington Square M. E. Church* (207 App. Div 219), dismissed the complaint and refused to permit the amendment suggested in *Jackson* v. *Strong* (*supra*).   Again in January, 1924, in *Chadburn* v. *Mayer* (207 App. Div. 754), the Appellate Division, First Department, laid down the same rule.   Again in January, 1926, in the case of *Ehrlich* v. *Mills, Inc.* (215 App. Div. 116), the Appellate Division, First Department, laid down that same rule, and again in February, 1927, in *Fur & Wool Trading Co.* v. *Fox, Inc.* (219 App. Div. 398).   As against this

the Appellate Division, First Department, in *Superior Brassiere Co., Inc.,* v. *Zimetbaum* (214 App. Div. 525, Nov. 1925), and in *Westergren* v. *Everett* (218 id. 172, Nov. 1926); and the Second Department in *Port* v. *Holzinger* (212 id. 124, Feb. 1925) held that the judgment should be reversed and the complaint amended and sent to Trial Term but not dismissed. And here lately on November 12, 1940, the Appellate Division, Second Department, in the case of *Hermes* v. *Compton* (260 App. Div. 507) changes back to the first rule above set forth, and in an action for a partnership accounting dismissed the complaint and remitted the plaintiff to an action at law. The confusion which the foregoing citations reveals has been the subject of long and serious controversy and comment by bench and bar. (See Clark on Code Pleading, chap. 2, §§ 15, 17, pp. 49, 50, 70; Walsh on Equity, pp. 111, 112; 25 Col. L. Rev. p. 1; 33 Yale L. J. p. 881; 24 Col. L. Rev. p. 286; 27 id. pp. 258, 262; 26 id. p. 33. See, also, a discussion found in the New York Law Journal, on the editorial pages, of Feb. 2, 3, 10, 1925, between the then editor and Professor Rothschild.)

An examination of the records and briefs on appeal in the above cases seems to show that the effect of section 111 of the Civil Practice Act, adopted in 1920, effective in 1921, has been overlooked. That section, new in 1921, has made it the duty of any court at any time in this State to disregard a mistaken prayer for relief and all formal defects in a pleading before or after judgment, and to administer the proper relief if it has jurisdiction on any statements of facts properly pleaded and proved. Applying that rule to the case at bar and considering the opinions above cited, I may not dismiss this complaint. It states and as above found the plaintiffs have established a breach of contract by Konzior and a tortious inducement of such breach by the defendant Kronstat. Such findings thus made will be conclusive on the defendants everywhere, in this or any other litigation. If this case should be sent to a jury they would be conclusive and leave open only for consideration the question of damages. (*Pacific Southwest Trust & Savings Bank* v. *Hyman,* 221 App. Div. 16.)

The defendants here in their answer pleaded an adequate remedy at law. They might have demanded a jury trial and put the case on the jury calendar. They never did so. Without any objection as to the method of trial, they went to trial without a jury, depending on the old rule to obtain a dismissal because of the adequacy of the plaintiff's remedy at law. In that they were mistaken. I think they have lost their right to a jury trial by not demanding it. The case has been tried. All the evidence is before me. I can send it to a jury for an inquest as to damages only on the

findings above made which would be conclusive against the defendants. (*Pacific Southwest Trust & Savings Bank* v. *Hyman*, *supra*.) There would be nothing to submit to a jury except the amount of damages. As distinctly held in *Livingston* v. *Blumenthal* (248 App. Div. 138), the assessment of damages, whether liquidated or unliquidated, was never referable as of right to a jury, not even in an action for trespass and false imprisonment. (*Bruce* v. *Rawlins*, 3 Wilson, 61, and the other cases cited at that point in the *Livingston* case.) I think I am justified, in order to administer speedy and adequate justice, not to require the parties to go to a jury in the Trial Term calendar, and under the *Livingston* case to assess damages for the plaintiffs against the defendants in the sum of $500, which would be approximately the difference in wages between what the plaintiffs were paying and what the defendant is now paying, an increase of twenty dollars per week for six months, in which time the plaintiffs will have a competent staff.