Fritz Dobschiner, Plaintiff, *v.* Alfred Levy, Individually and as Copartner of Alfred Levy & Cie., et al., Defendants.

Supreme Court, Special Term, New York County, December 21, 1942.

*L. C. Stryker* for plaintiff.

*J. F. Dwyer* for defendants Alfred Levy, Alfred Levy & Cie., and Allux Corporation.

*N. M. Welch* for defendant New York Trust Company.

COHALAN, J. The plaintiff and the defendant Levy now reside in the United States. Plaintiff is of German birth; Levy was born in Luxembourg. They both did business in that Grand Duchy. Levy had established a banking house known as Alfred Levy & Cie. (defendant here). Plaintiff had an understandable desire to leave Germany for the United States and a laudable wish to bring four of his relatives from Germany to America. He decided to enlist the good offices of the Grand Duchy and to first move his relatives to that country, and then to bring them here under the Luxembourg quota. He consulted Levy as to methods. Levy visited the government officials. The latter insisted that the Duchy be guaranteed against the hazard of the four cousins' becoming public charges. The sum of 100,000 Belgian francs, or equivalent, was decided on as a fair security.

Plaintiff delivered this amount to Levy & Cie. The payment was made partly in the Grand Duchy by the delivery of moneys of various countries calculated in American dollars, and partly by a transfer of American dollars from the account of the plaintiff in the New York Trust Company (a defendant here) to the account of Levy in that same New York bank. In all, the sum of $3,300 was turned over to Alfred Levy & Cie. Then, this defendant wrote to the Ministry of Justice of Luxembourg. Translation of the letter reads as follows:

" ALFRED LEVY & CIE
" LUXEMBOURG, *November* 22, 1939.
" Government of the Grand-Duchy of Luxembourg
Department of Justice
Luxembourg
" GENTLEMEN: We herewith certify that Mr. Fritz Dobschiner, Luxembourg, deposited with us:
" U. S. $3,300.00, that is about 80,000 Luxembourg francs, in a blocked account at the disposition of the Minister of Justice under the signature of the Government counselor with competent authority placed in charge of the foreign service, being at present Mr. Brisbois.

" The instructions of Mr. Fritz Dobschiner contained the right of disposition in favor of:

" Mr. Erich Jacob
Mrs. Gertrud Jacob
Miss Gisela Jacob
and Mrs. Hannchen Dobschiner

or any other person whom the Minister of Justice wishes to name according to the terms and formalities to be fixed by the Minister of Justice under the signature of the competent Government Counselor in charge of the foreign service, at present Mr. Brisbois.

" Respectfully yours,
" ALFRED LEVY & Co."

A permit was issued for the plaintiff's relatives to stay in Luxembourg for a period of five months. This permit was never used and those individuals did not go to Luxembourg. The Luxembourg Government has, by decree of June 20, 1941, cancelled this permit and " herewith released [relieved] the depositor of any and all obligations arising therefrom toward the government of the Grand Duchy of Luxembourg." This document was issued on the application of the plaintiff's attorney. The defendants Levy or Levy & Cie. were not parties to the application, but the document does recite the main features of the transaction.

The defendant Levy, for business reasons, has organized the Allux Corporation (a defendant herein) and has transferred to it certain of his holdings, including the moneys here in question. He is the sole stockholder of this corporation, and it is apparent that its corporate veil may be lifted under the tests enunciated in *African Metals Corp.* v. *Bullowa* (288 N. Y. 78).

Plaintiff asks (1) to be adjudged the owner and entitled to the immediate possession of the sum of $3,300, with interest thereon from November 22, 1939 (the date of Levy's letter to the Duchy); (2) that a trust be impressed on the fund in plaintiff's favor; and (3) that the transfer to Allux be declared a nullity.

The contract between the parties was made in Luxembourg and was legal there. It is idle to argue that the parties contracted under New York law or with the view of litigating any possible differences in a New York forum. The very purpose sought to be obtained (the entry of the relatives to Luxembourg and the permit for them to remain there) was local to Luxembourg. That government trusted Levy & Cie. and would take its guaranty. There was no such relation between that govern-

ment and the plaintiff. Plaintiff, in his desire to meet all of the requirements, deposited his funds with Levy & Cie., knowing that such deposit was a prerequisite to Levy & Cie.'s giving an assurance to the government. The parties could have stipulated that those funds be earmarked and kept in a safe deposit box or otherwise treated as a special entity. Instead, it was known to both of them that the funds would be mixed with other funds of Levy & Cie. It cannot be successfully contended that, if plaintiff's relatives had been allowed to go to Luxembourg and if thereafter there should be some necessity for the Luxembourg government's taking the matter to court, they would either have to come to a New York court or, if they went to a Luxembourg court, be called on to follow New York law in that court.

This court had the advantage of the testimony of two experts on the law of Luxembourg, one called by each side. These gentlemen agreed that, under the civil law of Luxembourg, there is no concept of the doctrine or relationship of " trust " as we know it. Their conclusion is in consonance with our decisions. (*Matter of Circle Trading Corp.*, 26 F. [2d] 193; *Riley* v. *Pierce Oil Corp.*, 245 N. Y. 152; *International Textbook Co.* v. *Connelly*, 206 N. Y. 188.)

Plaintiff's expert argued, however, that there was a " deposit of funds " with Levy & Cie. under Luxembourg law and that the funds must be returned in kind. Defendant's expert repudiated this argument.

My conclusion is that the relationship created was that of debtor and creditor, and that, the relatives' never having gone to Luxembourg and the Luxembourg government's having released its interest in the fund, equity will require the return of these moneys to the plaintiff; this return to be without interest because at the time the relationship was created there was no agreement that interest should be paid, and the ordinary debtor and creditor relationship of a bank and its depositors does not contemplate the payment of interest in circumstances such as here outlined. The power of the court to reach this result is stated succinctly in *Satterlee* v. *Kobbe* (173 N. Y. 91, 97) as follows:

" A court of equity having once obtained jurisdiction of the parties and the subject-matter of the action will retain it and adapt the relief to the exigencies of the case. It may order a sum of money to be paid to the plaintiff and give him a personal judgment therefor when that form of relief becomes necessary in order to prevent a failure of justice and when it is for any **reason** impracticable to grant the specific relief demanded."

(See also, to the same effect, *Bloomquist* v. *Farson*, 222 N. Y. 375, at 380; *Wood* v. *Hill,* 214 App. Div. 417, at 422.)

Plaintiff to have judgment as indicated against defendants Alfred Levy and Alfred Levy & Cie. and Allux Corporation. The bank is a mere stakeholder. The complaint as to it is dismissed, without costs.

Proceed accordingly, settle findings and conclusions on notice.

(On reargument, January 15, 1943.)

Motion for reargument is granted and upon such reargument and after a careful reconsideration of the matter my original determination is reiterated and reaffirmed.

The application, made at the close of trial, sought dismissal of the complaint in this equity action, wherein it was held that no equitable cause had been established, but which awarded a money judgment, legal in nature, in favor of plaintiff and which was held warranted by the evidence adduced on the trial.

Defendant, asserting that the court was without power to so decree, urged that the complaint be dismissed and plaintiff relegated for his relief to an action at law. The court disagreed with this contention and cited as justification for its action *Satterlee* v. *Kobbe* (173 N. Y. 91), *Bloomquist* v. *Farson* (222 N. Y. 375), and *Wood* v. *Hill* (214 App. Div. 417), which expound the general principle that " A court of equity having once obtained jurisdiction of the parties and the subject-matter of the action will retain it and adapt the relief to the exigencies of the case. It may order a sum of money to be paid to the plaintiff and give him a personal judgment therefor when that form of relief becomes necessary in order to prevent a failure of justice and when it is for any reason impracticable to grant the specific relief demanded."

The confusion heretofore existing in the authorities anent the question involved on this application has been clarified to a great extent by the splendid reasoning of my colleague, Mr. Justice CAREW, in *Small* v. *Kronstat* (175 Misc. 626), where, in an analogous situation, and after a thorough review of the authorities, he held that where, as here, proper jurisdiction of the parties and subject matter had been obtained, the court was empowered, in order to administer speedy and adequate justice, to award a legal judgment such as is here questioned.

On the original authorities cited, fortified by the reasoning expressed in *Small* v. *Kronstat* (*supra*), and which is here adopted and followed, the motion is again rejected.

Findings of fact and conclusions of law passed upon and signed. Submit judgment accordingly.