Cohn, J.
(dissenting). I dissent for the following reasons:
(1) Plaintiff did not establish a prima facie case. He did not prove that the bank in Zurich, Switzerland, which was his agent, ever transferred 85,000 Swiss francs, to defendant or to defendant’s bank in Geneva, Switzerland. Defendant’s admission that some money found its way into his bank account in Geneva, the amount of which he does not know, is not tantamount to a concession that 85,000 Swiss francs were delivered to defendant’s bank or that he received such a sum. No records of the bank in Zurich or of the bank in Geneva appear to be available to either party and there is no documentary proof that the transfer of 85,000 Swiss francs was ever effected.
*895 (2) The testimony at the trial shows that defendant solely for the purpose of aiding his intimate friend had consented to permit himself to he used as a conduit or intermediary for the transfer of plaintiff’s funds out of Germany. Though we were to assume that in 1931 plaintiff did actually deliver to defendant’s account in Geneva the sum of 85,000 Swiss francs, defendant’s explanation that whatever moneys were thus delivered were in the same year turned over to Dr. Spiegel, his own brother-in-law, in the honest belief that such delivery was in accordance with plaintiff’s wishes, might be entirely sufficient to exculpate him from liability under Swiss law. Defendant here was concededly a gratuitous bailee. Under the law of this State, in bailments for the benefit of the bailor the bailee is required to exercise but slight care and is only liable fpr gross negligence. (Ouderkirk v. Central Nat. Bank, 119 N. Y. 263, 267; Gottlieb v. Wallace Wall Paper Co., 156 App. Div. 150; Goldseiger v. Balik, 147 N. Y. S. 148, Lehman, J.) The law of Switzerland governs the relationship of the parties as the alleged agreement was made there. Yet no proof was adduced as to the law of Switzerland governing the obligations of a gratuitous bailee. Foreign law is deemed to be a fact which a party is required to plead and prove like any other fact in issue. (Riley v. Pierce Oil Corporation, 245 N. Y. 152; Croker v. Croker, 252 N. Y. 24; Restatement, Conflict of Laws, § 621.)
Under section 344-a of the Civil Practice Act (L. 1943, ch. 536) a trial or appellate court in its discretion may take judicial notice of “ 1. A law, statute, proclamation, edict, decree, ordinance, or the unwritten or common law of a sister state, a territory or other jurisdiction of the United States, or of a foreign country or political subdivision thereof.” The country of Switzerland is not a common-law jurisdiction. Though the court under this statute might inform itself and take judicial notice of the law of the foreign State, it may also direct that such law be proved as any other fact in litigation. In the circumstances here I believe that the law of the foreign country with respect to the duties of a gratuitous bailee, should have been proved upon the trial.
For the foregoing reasons the judgment for plaintiff should be reversed and a new trial ordered.
Callahan, Peck and Van Yoorhis, JJ., concur in decision; Cohn, J., dissents in opinion.
Judgment affirmed, with costs. No opinion.