## GODDARD *a.* BENSON.

*New York Common Pleas; General Term, October,* 1862.

SUPPLEMENTAL PLEADING.—DEMURRER.—FORMER ADJUDICATION. —PARTIES AND PRIVIES.

A demurrer lies to a supplemental pleading.

To render a former adjudication a bar, it must appear that the litigation was between the same parties or their privies.

By privies are meant persons who are represented by the parties, and who claim under them or in privity with them, who have mutual or successive relationship to the same right or thing.

A defence that in action by one K. against plaintiffs, they set up the same matter and cause of action, and that K. had verdict and judgment,—*Held*, bad, as not showing privity between K. and defendants.

Appeal from an order sustaining a demurrer.

This action was brought by Joseph W. Goddard and Frederick N. Goddard, against Charles W. Crosby and John W. Benson, to recover $1,175.45, the value of certain raw silk which it was claimed defendants had converted to their own use. The answer was a general denial. The defendant Benson was allowed to put in a supplemental answer. This alleged that in November, 1860, judgment was recovered in an action brought in this court by Daniel Kempton against the present plaintiffs, in which they set up as a defence thereto, and litigated therein, the same matter and cause of action as that set forth in the complaint, and the jury, on the trial thereof, rendered a verdict on the merits of their defence, and decided the matters set forth in the complaint, which are recited, and that judgment was rendered therein, and that the same remained of record in the office of the clerk of this court. The plaintiffs demurred to the supplemental answer; assigning, as a ground of demurrer, that upon the face of the answer it did not constitute a defence. The demurrer was sustained, and the defendant Benson appealed.

*C. Bainbridge Smith,* for the appellant.—I. There is no provision in the Code expressly allowing a plaintiff to demur

to a supplemental answer. If allowable, it is only by implication; but, inasmuch as a party cannot put in such a pleading without leave of the court, its sufficiency may probably be passed upon when such leave is granted. (*Code,* § 177.)

II. The remedy of the plaintiffs, if any, was under § 160 of the Code, and not by demurrer. (People *a.* Ryder, 12 *N. Y.,* 433; Prindle *a.* Caruthers, 15 *Ib.,* 425.)

III. A demurrer admits all the material allegations of the pleading demurred to. (Hall *a.* Bartlett, 9 *Barb.,* 297.)

IV. The supplemental answer alleges every fact necessary to be proved. This is the test as to the sufficiency of a pleading. (Lee *a.* Ainslie, 1 *Hilt.,* 277; S. C., 4 *Abbotts' Pr.,* 464).

V. It is not necessary that the names of the parties should be the same in both suits. The inquiry is whether the subject-matter was litigated and determined in the former judgment. This is the gist of the defence, and this is concisely and plainly alleged in the supplemental answer. The question whether the parties were the same or were privies, is involved in and follows from the allegation that the subject-matter has been litigated and determined in the former suit. (Green *a.* Clarke, 12 *N. Y.,* 343; Thomas *a.* Hubbell, 18 *Barb.,* 9; Raymond *a.* Howland, 12 *Wend.,* 176; Boynton *a.* Willard, 10 *Pick.,* 166, 168.)

VI. So, it is said to be well settled that where a matter is improper by way of defence, if a party will introduce it, and he goes into the investigation with a view to make it available, and it is passed upon and submitted to the justice or a jury, it cannot be heard again. (Wilder *a.* Case, 16 *Wend.,* 583.)

VII. The demurrer and the opinion of the court sustaining it, are in direct conflict. Both ignore the express allegations of the litigation and determination of those matters, and the record of the court where those matters are alleged to appear.

*Emerson & Pritchard,* for the respondents.—I. When the Code allows a supplemental pleading, it necessarily allows the usual incidents of such pleading. (*Code,* § 177; Guild *a.* Parsons, 16 *How. Pr.,* 382.)

II. The general rule as to giving verdicts and judgments in evidence is, that they are not to be admitted but between parties and privies. The judgment set up in the supplemental answer of the defendant Benson was in a suit brought by a

stranger. The answer does not allege that the litigation ending in that judgment was between the parties to the present action, or their privies. This omission is fatal. (Baring *a.* Fanning, 1 *Paine's C. C.*, 549; Hurst *a.* McNiel, 1 *Wash. C. C.*, 70, 75; Castle *a.* Noyes, 14 *N. Y.*, 329.)

III. A corollary from the rule given in the second point, is that nobody can take benefit by a verdict, that would not have been prejudiced by it, had it gone contrary. Now it is plain, that if the verdict had been against Kempton, the present plaintiffs could not have used it against Crosby and Benson. (Chapman *a.* Chapman, 1 *Munf.*, 398; Dale *a.* Rosevelt, 1 *Paige*, 35.) See, also, the cases cited under the 2d point.

IV. There is no conflict between the opinion of the court at special term and the demurrer. It is inferable from the language of the court, that if the present defendants, Crosby and Benson, were shown to be privies with Kempton, the plaintiff in the judgment, the verdict in that case would be conclusive on the plaintiffs in this. The demurrer admits the facts alleged in the supplemental answer, but the answer does not allege the privity of the defendants with Kempton. Both the opinion and the demurrer admit the identity of the subject of litigation and its decision, but deny that the subject was litigated between the same parties in the other case as in this.

By the Court.*—Daly, F. J.—Where the Code allows a supplemental answer, it necessarily allows what is incident to such a pleading, the right to demur to it. This was the rule before the Code, where a plea was put in *puis darrien*. (Abbot *a.* Rugerly, *Freem.*, 252.)

The demurrer was well taken. The answer did not allege, nor show, a verdict and judgment upon the same subject-matter between the parties to this suit or their privies. The rule is, that the same point or question, when once litigated and settled by a verdict and judgment, shall not be again contested in any subsequent controversy between the same parties or their privies (Doty *a.* Brown, 4 *N. Y.*, 71), and by privies are meant persons who are represented by the parties, and who claim under them, or in privity with them, who have mutual or suc-

* Present, Daly, F. J., Hilton and Brady, JJ.

cessive relationship to the same right or thing (1 *Greenl. Ev.*, §§ 189, 523). It does not appear from any thing in the supplemental answer, that the defendants in this suit stood in any such relation to Kempton, the plaintiff in the former action. It is not shown what that action was about. All that is averred is, that the plaintiffs in the present suit were defendants in the one brought by Kempton, and that they set up as defence to his suit, that they, as partners in business, delivered to Crosby and Benson, the defendants in the present action, a quantity of raw silk to be manufactured, and that the jury found and decided by their verdict that the present plaintiffs did not jointly, and as partners, deliver to Crosby and Benson silk to be manufactured as alleged. That would not exclude them from maintaining their present action against Crosby and Benson, unless it is made to appear that there existed that identity of interest between Kempton and the present defendants, in the subject-matter, as would make the defence set up against him equally conclusive in their favor. This is not shown by the answer, and judgment, therefore, was properly given for the plaintiffs upon the demurrer.

The order made at special term must be affirmed.