### Thomas Brennan v. Jacques Blath.

A judgment of a court of competent jurisdiction is only conclusive in subsequent controversies, as between the same parties or their privies, and upon the points actually decided. The estoppel thereby created must, however, be mutual.

The rent under an agreement by lease being payable monthly, claims of the lessor for the rent of the several successive months are severable and assignable, and a judgment against the tenant for the rent of one such month, in favor of an assignee of the lessor's claim for that month's rent, is not conclusive against the tenant in an action by another assignee of a subsequent month's rent.

APPEAL by the defendant from a judgment of the Third District Court.

The action was brought by plaintiff, as assignee of Helen A. D'Orsay, upon an alleged parol agreement of lease of premises in the city of New York, for the period of six months, from November 1, 1869, to May 1, 1870, at the yearly rent of $1,200, payable monthly in advance, and claim was made in the complaint for the rent accruing in advance on the 1st day of April, 1870.

The agreement for the letting of the premises, as stated in

Brennan v. Blath.

the complaint, was denied by the answer, and on the trial, which took place on the 6th of May, 1870, the defendant offered to maintain the issue on his part .by parol testimony, but it being admitted that in a previous action, brought by one Allen, as assignee of Helen A. D'Orsay for rent accruing under the same alleged agreement on the 1st of March, which " was tried on the merits," a judgment had been rendered for the plaintiff (Allen), the justice held such judgment decisive of the rights of the plaintiff in this action for the recovery of the rent accruing on the first day of April, and excluded the evidence offered on the part. of the defendant.

Judgment was rendered for the plaintiff, from which the defendant appealed.

*Van Wyck & Goldey*, for appellant.

*M. H. Topping*, for respondent.

By the Court.*—Robinson, J.—The precise date of the trial or judgment in the suit of Allen against Blath does not appear. I am of the opinion the Justice erred in holding upon the defendant's admission, that the judgment in the Allen suit, for the rent accruing in March, was decisive of any right presented in this action. A judgment of a court of competent jurisdiction is only conclusive in subsequent controversies, as between the same parties or their privies, and upon the points actually decided. The estoppel thereby created, must, however, be *mutual*. Allen, the plaintiff, in the former action, was not assignee of the entire lease or agreement, but only of the installment of rent falling due in March. The agreement by lease could only be appealed to and produced or shown on the trial of his claim as an instrument of evidence.

He did not represent the interest of Helen A. D'Orsay nor (so far as appears) was that action in any way brought for her benefit. It did not appear that she either was a witness on that trial or had any notice of it. Unless she had control of the

* Present—Daly, Ch. J., Loew and Robinson, JJ.

proceeding, with a right to examine on the trial any of the witnesses produced, she was in no way concluded or affected by the judgment. (*Bates* v. *Stanton*, 1 Duer, 87; *Case* v. *Reeve*, 14 Johns. 79; *Goddard* v. *Benson*, 15 Abb. Pr. 191.)

The assignment to plaintiff of the April rent was dated April 15th, 1870; but it does not appear whether that trial or judgment was before or after such assignment, and even if the decision in *Allen* v. *Blath* could have had any effect upon the other subsisting or inchoate rights of Helen A. D'Orsay, it could not prejudice those of the plaintiff which he might have acquired by a previous assignment.

The claims for the several successive months' rent were severable and assignable, and a judgment for or against any one of such assignees was in no way decisive upon the rights of any other. It would only be a judgment in an action between Helen A. D'Orsay and the defendant in the agreement, which would enure to the benefit or disadvantage of her subsequent assignee or party standing in privity with her.

As the judgment in Allen *v.* Blath was *res inter alios*, it was not *res adjudicata* in the controversy between the present parties.

The judgment ought to be reversed with costs.

                                    Judgment reversed.