### CHAPMAN *et al. v.* FRANK *et al.*

*(Common Pleas of New York City and County, General Term.*  June 3, 1889.)

JUDGMENT—RES ADJUDICATA.

> Plaintiff sued for rent, and defendants alleged, in defense, an eviction by the landlord paramount. Pending the action, plaintiff assigned the subsequently accru-

ing rent to C., who sued defendants therefor, but was defeated on the issue of the same eviction. Plaintiff was not a party to the action brought by C., nor did it appear that it was brought for his benefit. *Held*, that it was prejudicial error to admit evidence of the judgment in C.'s action, plaintiff not being a party or privy thereto.

Appeal from trial term.

Action by George M. Chapman against Isaac Frank and Jacob Godhelp for rent. Verdict and judgment were for defendants, and plaintiff took an appeal, pending which he died, and Julia A. Chapman and Clarence H. Kelsey became his executrix and executor.

*Burnett & Whitney* and *Samuel Keeler*, for appellants. *Julius J. Frank*, for respondents.

BOOKSTAVER, J. Chapman in his life-time brought two suits in a district court, each for one quarter's rent, under a sublease to the defendants. These actions were removed to this court, and were consolidated. The defendants then interposed an answer, setting up an eviction by William Oppenhym, the superior landlord, for non-payment of rent by Chapman, and also a counter-claim for moneys spent in the repair of the premises at Chapman's request. On the trial the defendants proved the loss of the record in the summary proceedings constituting the eviction set up in the answer, and made proof of such proceedings by secondary evidence. They also proved that, after the commencement of this action, Chapman assigned the rent subsequently accruing on the same sublease to one Cootey, who commenced an action in the supreme court, second department, against these defendants, for that rent. The issues in that action were the same as in this, except as to the counter-claim, and the trial of those issues resulted in a judgment in favor of the defendants, which was afterwards, on appeal, affirmed at general term. *Cootey* (*sub nom. Cooley*) v. *Frank*, 1 N. Y. St. Rep. 773. The judgment roll in that action was offered and received in evidence on the trial of this, under plaintiff's objection and exception. Neither Chapman nor the plaintiffs in this action were parties to that record.

A judgment in one action cannot be given in evidence on the trial of another, unless the parties are the same, or there is a privity of blood, representation, estate, or law between one of the parties to it and the persons against whom it is admitted. *Neeson* v. *City of Troy*, 29 Hun, 173; *Booth* v. *Powers*, 56 N. Y. 22. When such a judgment is admissible, it is conclusive, not only on the parties, but those privy to it, (1 Greenl. Ev. 14th Ed. § 189; *Krekeler* v. *Ritter*, 62 N. Y. 372,) because they have succeeded to some estate or interest which was bound in the hands of the former owner, (Freem. Judgm. § 162; *Brennan* v. *Blath*, 3 Daly, 478; *Zoeller* v. *Riley*, 100 N. Y. 102, 2 N. E. Rep. 388.) But no such privity existed between Cootey, the assignee of the claim in the supreme court action, and Chapman, the assignor, and his representatives. While an assignee of a claim may be bound by the acts of his assignor prior to the assignment, the converse of this proposition does not hold. If the parties to the record, as well as the issues in each case, are the same, of course they are bound by the former adjudication. So, too, where an action is prosecuted in the name of another, but for the benefit and under the management of the assignor, he should be bound by the result, for in that case he is a party to the judgment in fact, if not in name. Had the defendants in the Cootey action therein alleged that Chapman was the real party in interest, and that it was prosecuted for his benefit, a very strong case could have been made in support of that plea. Both actions were to recover rent alleged to be due from the same defendants under the same sublease; the issues were the same; the witnesses for the plaintiffs in each were the same; and both were prosecuted by the same attorneys. But there was no such defense set up in the pleadings, and in its absence we must take the record as it stands, and hold that Cootey was the assignee, and not the representative,

of Chapman. *Flagler* v. *Schoeffel*, 40 Hun, 178. The evidence so admitted, taken in connection with the charge of the court on that subject, allowed the jury to consider what had been done by another jury in an action to which the plaintiffs were not parties, and we cannot say it did not have some weight with them. The judgment must therefore be reversed, and a new trial ordered, with costs to abide the event.