JOHN ARTHUR, Appellant, *v.* THE CITY OF COHOES, Respondent.

*Use of public streets, by permission of the city authorities, for riding down hill upon hand-sleighs — liability of the city for an injury caused thereby to a pedestrian.*

The common council of the city of Cohoes passed a resolution authorizing the mayor to designate such of the public streets as he might deem proper, upon which small sleds, or sleds without horses, could and might be used for the amusement of sliding or riding; in pursuance of which resolution the mayor designated, among other streets, Columbia street.

In an action brought to recover damages for injuries sustained by reason of the plaintiff's having been run into upon that street and seriously injured by a large bob-sleigh loaded with twelve or fourteen persons.

*Held,* that it was a proper question for the jury whether it was a legitimate use of the street to allow the same to be used for amusement in sleigh riding.

That the city, having obtained a verdict upon the whole case, was not liable because, under cover of such license, a reckless person might have come upon the street with a large sleigh and run down a pedestrian using the same.

That, subject to such rights as the abutting owners of property had, the city may give direction as to the use which might be made of the public easement in the city streets.

APPEAL by the plaintiff from a judgment, entered in the office of the clerk of the county of Albany on the 15th day of March, 1889, in favor of the defendant, and against the plaintiff for costs, and also from an order denying plaintiff's motion to set aside the verdict and grant a new trial upon the minutes of the court, entered in said clerk's office March 11, 1889.

The action was brought to trial at the Albany Circuit before the court and a jury, by which latter a verdict was rendered in favor of the defendant. The action was brought to recover for injuries sustained by the plaintiff by being run down while walking along Columbia street, in the city of Cohoes, by a bob-sled or hand-sled, being a sled without horses, containing quite a number of persons thereon, coming down Columbia street, in said city of Cohoes, at a very rapid rate of speed.

*N. C. Moak,* for the appellant.

*P. D. Niver,* for the respondent.

FISH, J.:

Whether or not there was negligence on the part of defendant, through which the plaintiff was injured, was a question of fact for the jury. It was fairly submitted to the jury, and their verdict is conclusive.

Whether the plaintiff was himself free from negligence which contributed to the injury, or rather whether plaintiff showed to the satisfaction of the jury that he was free from contributory negligence, was also a question of fact properly submitted and properly decided by the jury. .

On both these questions the plaintiff held the affirmative. If he failed on either, his case was lost. On the last part of the case, bearing upon the question of contributory negligence, the case is very barren of proof. It was a close question whether or not plaintiff had enough evidence to admit of the case going to the jury. He had the affirmative, and it was only a question, which made it very close whether or not he ought to have been nonsuited. The jury found against him and he must abide by the decision. The common council of the city of Cohoes had passed a resolution authorizing the mayor to designate such of the public streets as he might deem proper upon *which small sleds, or sleds without horses, could and might be used for the amusement of sliding or riding.* In pursuance of that resolution the mayor did designate Columbia street as one of the streets on which such riding and sliding might be had and used. Whether or not this was an improper use of a public street, and whether or not the plaintiff's hurt came from that use, as the resolution intended, were questions of fact for the jury. The resolution contemplated the use of small hand-sleds such as were not usually drawn by horses. The conveyance actually used and which, as is claimed, ran into plaintiff, was a large bob-sleigh loaded with twelve or fourteen persons. The fact that it was not drawn by horses did not affect the question. In any event, the jury had a right to take that view of the case, and hold that it was the abuse of the privilege by those running that particular sled which occasioned the accident. The whole case having been submitted to the jury their verdict must be held conclusive.

It is not necessary, and may not be profitable, to inquire if the common council of defendant had lawful power to allow the use of

its streets for such purposes, or if they had no such power, and yet they, in form, granted such permission, and in consequence of it mischief came to plaintiff, whether it could be so far held the act of the city as to make it liable, or whether such liability attached only to the individuals comprising the board. But pass that question and let us inquire : May not municipal corporations permit any innocent amusement of its citizens, including the use of hand-sleds, to be had upon the streets without incurring liability, even though some accident may come of it and somebody be hurt ? Suppose the resolution in this case had been to the effect that, in time of sleighing the citizens were at liberty to use any of the streets with horses and sleighs solely for the purpose of the amusement of riding and enjoying out-of-door sport and exercise, it would not be calling for any great violence of judgment on the part of a jury to say that it was reasonable and proper, and it would not be less so if it allowed a *quasi* toboggan upon a street suited to that amusement.

If it should happen that under cover of such license a reckless person should come upon the street with a large sleigh, filled with boisterous men and drawn by vicious horses, and, heedless of other people, run down a pedestrian, could it be said that the accident was the work of the city, because they had allowed the use of the streets for amusement in sleigh riding ? Nearly all the sleigh riding done in the streets of a city is done for amusement. It is a perfectly legitimate use of the street whether it is for amusement or for business. The public have an easement in the streets which is subject to the control and management of the city authorities.

As against the adjoining owner of property it is only a right of travel. Any adjoining owner of property may object to the use of a street in front of his premises, except as a highway for traveling purposes. If, however, the owner does not object, no outsider is wronged because the rights of the owner are invaded.

Subject, then, to such rights as the owners have, the city may give direction in the use of the public easement. The city authorities can properly allow the use of the streets for pleasure traveling, whether by vehicles drawn by horses or sleds drawn by children. They may permit a company of soldiers with a band of music to march through the streets, or any public gathering to march or parade. It will hardly do for us to hold, as a matter of law, that on

public holidays, or on the occasion of any public meeting of citizens, the ornamentations of the streets, even with banners and ensigns, with festoons and triumphal arches, would be unlawful. It may be an open question how far a city can go in that direction, and when a controversy arises over any event of the kind, the best that any party who claims to be hurt by it can ask is, that it shall be submitted to a jury to decide whether in any given case the use was a reasonable one.

There is no occasion to find fault with the verdict in this case, and the judgment should be affirmed.

LEARNED, P, J.:

I concur in result, without passing on the question whether permission to use the streets for bobbing might not make the city liable in case of accident.

LANDON, J.:

The testimony left it uncertain whether the plaintiff was free from negligence; and the verdict of the jury that he was not must be upheld. On the other questions the court held as favorably for the plaintiff as he was entitled to.

Judgment and order affirmed, with costs.