HENRY A. SIEBRECHT and HENRY A. SIEBRECHT, JR., Respondents, v. SIEGEL-COOPER COMPANY, Appellant.

*Counterclaim — action to recover for goods sold — allegation in the answer that the plaintiffs conspired to exact excessive prices from the defendant — election to sue on contract.*

In an action brought to recover for certain shrubs and flowers sold to the defendant by the plaintiffs' assignors, a firm of florists, an answer which alleges that the plaintiffs, a father and son, of whom one was a member of such firm of florists and the other had charge of a department in the defendant's store, entered into a conspiracy by which supplies were purchased of the firm at prices greatly in excess of their market value, states a counterclaim "connected with the subject of the action" within the meaning of section 501 of the Code of Civil Procedure and is not demurrable.

The fact that the defendant, while alleging the conspiracy in its answer, confines its demand for judgment to the aggregate amount of the overpayments shown to have been wrongfully taken, is, in the absence of affirmative acts pointing in a contrary direction, conclusive as to its election to waive the tort and to proceed upon the implied contract of the plaintiffs to repay the moneys which they or their assignors had received, without giving a valuable consideration therefor.

APPEAL by the defendant, Siegel-Cooper Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 18th day of April, 1898, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining the plaintiffs' demurrer to the counterclaim set forth in the defendant's amended answer.

This appeal was transferred from the first department to the second department.

*Gibson Putzel* [*Benjamin G. Paskusz* with him on the brief], for the appellant.

*A. C. Brown*, for the respondents.

WOODWARD, J.:

The plaintiffs, as the assignees of certain claims of Siebrecht & Wadley, brought this action to recover the sum of $695.75 alleged to be due from the defendant for certain shrubs and flowers sold by the plaintiffs' assignors to the defendant. The defendant put in a counterclaim by way of answer alleging that in August, 1896, the plaintiff Henry A. Siebrecht, Jr., was employed by the defendant in charge of its flower department; that the said Siebrecht was given full charge of the department, and that his duties included the purchase of all flowers and shrubs for the defendant's department store; that while so employed the plaintiff Henry A. Siebrecht was engaged in business with one Wadley, under the firm name of Siebrecht & Wadley, as a wholesale dealer in flowers, shrubs, etc., and that the plaintiff Siebrecht, Jr., entered into a conspiracy with his father by which nearly all of the supplies for the department store, in this line, were purchased of the firm of Siebrecht & Wadley at prices greatly in excess of their fair market value. The defendant produces a bill of particulars, itemizing the account in so far as it is able to do so, in which it shows payments, in excess of the fair market price of the goods, aggregating $2,449.50, for which sum it demands judgment. The plaintiffs demurred to this counterclaim on the ground that it was not of the character specified in section 501 of the Code of Civil Procedure, and the validity of this contention is the question presented upon this appeal. The demurrer was sustained and defendant's counsel duly excepted.

It is conceded that two of the items in the bill sued upon are identical with those contained in the defendant's bill of particulars, and which show an overcharge of something over eighteen dollars; and as the demurrer is to the counterclaim as a whole it is difficult to find any process of reasoning by which it could be sustained as to the cause of action which the defendant undoubtedly has as to

the eighteen dollars " arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim." (Code Civ. Proc. § 501.) . But it is not necessary to consider this minor question; a fair construction of section 501 of the Code is sufficient to justify this counterclaim.

The plaintiffs in this action are alleged to be the persons who conspired to defraud the defendant; they came into possession of their claim with a full knowledge of all the facts, and if the defendant is willing to waive the tort and rely upon its right to recover upon the implied contract to repay moneys which have come into the possession of the plaintiffs or their assignors, without valuable consideration, no end of justice is to be promoted by denying this right. The transaction set forth in the complaint as the foundation of the plaintiffs' claim is the purchase by the defendant of certain flowers and shrubs of the plaintiffs' assignors. The counterclaim of the defendant is that in the sale of these and other flowers and shrubs the plaintiffs' assignors, in conspiracy with the plaintiffs in this action, had overcharged the defendant, and by so doing had, in law, entered into an implied contract to refund the money which they had thus wrongfully exacted from the defendant. Can there be any doubt that the defendant's counterclaim is " A cause of action arising out of the contract, or transaction, set forth in the complaint as the foundation of the plaintiffs' claim, or connected with the subject of the action ? " (Code Civ. Proc. § 501, subd. 1.)

" The word ' connected,' " say the court in the case of *Carpenter* v. *Manhattan Life Ins. Co.* (93 N. Y. 552, 556), " may have a broad signification. .The connection may be slight or intimate, remote or near, and where the line shall be drawn it may be difficult sometimes to determine. The counter-claim must have such a relation to, and connection with, the subject of the action that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counter-claim should be settled in one action by one litigation; and that the claim of the one should be offset against, or applied upon, the claim of the other." It is difficult to conceive of a state of facts where it would be more in accord with the principles of justice and equity to permit of a counterclaim than in the case at bar. One of the plaintiffs, while an employee of the defendant, enters into.an arrangement with his

father, the other plaintiff, to defraud the defendant. They afterward come into the ownership of the claim, a part of which was involved in the fraudulent transaction, and attempt to collect the same at law, refusing to acknowledge the rights of the defendant, thus compelling an action in tort if it is to have any remedy for the wrong. We are of opinion that the counterclaim of the defendant is so intimately "connected with the subject of the action," that it would work a great wrong to the defendant to permit the demurrer to stand.

The authorities in this State are overwhelmingly in favor of the position of the defendant in this action, that it has a right to waive the tort and to proceed upon the implied contract; and the fact that the defendant, while setting up the facts showing the conspiracy to defraud has confined its demand to the amount actually shown to have been wrongfully taken, is, in the absence of affirmative acts pointing in a contrary direction, conclusive as to the election of the defendant to waive the tort and to proceed under the implied contract.

"The rule of pleading established by the Code," says Mr. Justice BARKER in delivering the opinion of the court in the case of *McDonough* v. *Dillingham* (43 Hun, 493), "requires the complaint to contain a plain and concise statement of the facts constituting the plaintiff's cause of action, and a demand for such judgment as the plaintiff supposes himself entitled to on the facts set forth therein. Nothing more is necessary in any case. The pleader is not required to state, either in the summons or the complaint, the class of action to which he conceives his cause of action belongs, as the same are denominated in judicial procedure. If the complaint states facts entitling the plaintiff to any relief whatever, then it is for the court to determine, when the question is properly presented, whether the cause of action averred is founded in contract or tort. The character of the cause of action must, in all cases, be determined by an analysis of the averments in the complaint, together with the nature of the relief demanded. * * * In all cases where the pleader avers the sale and delivery of property to the defendant at a fixed and agreed price, which remains unpaid, and also alleges he perpetrated a fraud in making the purchase, by means of false representations as to his solvency, and a question of doubt

is presented as to whether it was the intention of the pleader to set forth a cause of action *ex contractu* or *ex delicto*, the omission to allege that damages have accrued to the plaintiff by reason of the fraud is accepted by the court as a circumstance indicating the purpose of the pleader to rely upon the contract as constituting the cause of action."

" An action in the nature of an action of assumpsit lies against one who has obtained money from another by a fraud, and such a claim is a proper subject of set-off in an action brought by the party against whom it exists. An assignee of such party takes a cause of action subject to such defense. This money thus obtained is, in contemplation of law, money received for the use of the party who is defrauded, and the law implies a promise on the part of the person who thus obtains it to return it to the rightful owner. The tort arising from the manner in which the money was obtained may be waived and the action founded upon the implied contract." (*Rothschild* v. *Mack*, 115 N. Y. 1, 8. See, also, *People* v. *Wood*, 121 id. 522, 528; *Byxbie* v. *Wood*, 24 id. 607, 611; *Starr Cash Car Co.* v. *Reinhart*, 2 Misc. Rep. 116.)

The judgment appealed from should be reversed.

All concurred.

Interlocutory judgment reversed and judgment directed for defendant on demurrer, with costs, with leave to the plaintiffs to withdraw demurrer and serve reply within twenty days, on payment of the costs of the demurrer and of this appeal.