METH v. BUTLER & HERRMAN.

(Supreme Court, Appellate Term. January 5, 1911.)

1. JUDGMENT (§ 949*)—RES JUDICATA—ALLEGATIONS—SUFFICIENCY.

In an action for eviction from leased premises in violation of an option for an extension of which defendants had notice at the time of their purchase, the allegations of the answer that judgment was rendered

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against defendants in favor of plaintiff in two former actions to recover certain sums of money, which actions "arose out of the same contract for breach of which this action is brought," do not show that the matter involved has already been adjudicated, and hence state no defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1799; Dec. Dig. § 949.*]

2. JUDGMENT (§ 601*)—SUCCESSIVE ACTIONS.

Unless the matter involved was adjudicated in a former action, several successive actions may be brought upon the same contract.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1116; Dec. Dig. § 601.*]

3. JUDGMENT (§ 592*)—BAR TO ACTION—GROUND FOR ADJUDICATION.

Where plaintiff has split up demands which were in existence and ought to have been sued for at the same time, a former judgment is a bar to a subsequent action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1107; Dec. Dig. § 592.*]

Gavegan, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Jacob Meth against Butler & Herrman. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Maurice J. Katz (Alex B. Greenberg, of counsel), for appellant. Eidlitz & Hulse (Martin A. Schenck, of counsel), for respondents.

GIEGERICH, J. The complaint states a cause of action for wrongful eviction from certain premises, demised to the plaintiff by a written lease and an extension thereof, in violation of an option for an extension of the term of which option the defendant had notice at the time when it became the purchaser of the premises.

The defense demurred to alleges that theretofore judgment was rendered in the Municipal Court in favor of this plaintiff and against this defendant in two actions brought to recover certain sums of money, which actions, it is further alleged, "arose out of the same contract for the breach of which this action is brought." Clearly, this states no defense. Several and successive actions may frequently be brought upon the same contract. It is only when the later action involves matters already adjudicated in the earlier action, or where the plaintiff has split up demands which were in existence and ought to have been sued for at the same time, that the former judgment is a bar to the subsequent action. Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663. It does not appear from the facts pleaded that the former judgments were in any way a bar to the maintenance of the present action.

The judgment must therefore be reversed, with costs, and the demurrer sustained, with costs, with leave to the defendant to amend within six days upon payment of all costs awarded against it.

BRADY, J., concurs. GAVEGAN, J., dissents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes