CHARLES BORGOS, Plaintiff, *v.* GEORGE J. PRICE and WALTER WACKE, Defendants.

Supreme Court, Bronx County, May 29, 1931.

*S. Walter Pokart*, for the defendant Price.

*Ralph Copland* [*Charles G. F. Wahle* of counsel], for the defendant Walter Wacke.

HAMMER, J. The objection to the first affirmative defense that the plaintiff is not the real party in interest is not that it is improperly alleged or that such defense is not a good defense but that by its very allegations it appears on the face thereof that the " interest " relied upon by defendant is not such as will support this defense. In determining whether the plaintiff is the real party in interest the test to be applied is: Has the plaintiff the legal title, and will the recovery or satisfaction by plaintiff bar all claims by others? (*Brown* v. *Powers*, 53 App. Div. 251, and cases cited; *Thompson* v. *Whitmarsh*, 100 N. Y. 35; *Cummings* v. *Bush*, 227 App. Div. 836, and cases cited; *Spencer* v. *Standard Chemical & Metals Corp.*, 237 N. Y. 479.) Assuming, but not so deciding, that such defense is properly alleged, it is obvious that the " interest " shown on the face of the answer does not come

within the rule stated. The interest alleged in the answer is " and that the plaintiff falsely instituted this action in behalf, for and as a secret agent of one Walter Wacke * * * to aid and abet the said Walter Wacke to breach and avoid his contractual obligations and duties due and owing to the defendant Price and to the United Blue Print Co. * * *; and further, that the plaintiff falsely instituted this action in order to prevent the defendant Price from asserting a set-off against any moneys that may be due to the said defendant Price from the said Walter Wacke." Accordingly, this defense will be stricken out.

It cannot be determined from a reading of the second alleged defense of *res judicata* that the parties to this action and the parties to the actions therein set forth are the same. This must be shown. (*Goddard* v. *Benson*, 15 Abb. Pr. 191.) It must also appear that the issues in the former actions and the causes of action therein are the same as those in the instant action (*Peachy* v. *Frisco Gold Mines Co.*, 204 Fed. 659; *Mound City* v. *Castleman*, 171 id. 520), and that the subject-matter is the same, and that the proceedings in the former suits were taken for the same purposes. (*Bracken* v. *Atlantic Trust Co.*, 36 App. Div. 67; *Meth* v. *Butler & Herrman*, 126 N. Y. Supp. 656.)

In 34 C. J. (§ 1500, p. 1062) it is stated: " Where a judgment is only pleaded as *res judicata* of certain issues previously determined, it is sufficient that the pleading allege that the issues were the same. But the plea must make it clearly appear that the same point or question was actually litigated and decided in the former suit, or that it might have been litigated and determined under the issues in that suit." (See, also, *De Montrose* v. *Wanamaker*, 4 Silv. App. 456, revg. 57 Hun, 590; *Connolly* v. *Munger*, 134 N. Y. 589, affg. 56 Hun, 644; *Buck* v. *Manhattan R. Co.*, 134 N. Y. 589, affg. 15 Daly, 550; *Arthur* v. *City of Cohoes*, 134 N. Y. 589, affg. 56 Hun, 36; *Secor* v. *Sturgis*, 16 N. Y. 548.)

Referring to the former actions, the nature of which is not shown, this defense expressly states that the dismissal of the complaints therein was without prejudice to plaintiff's right to sue for money had and received, upon which theory this present action is predicated. This defense, therefore, will be stricken out, but with leave, however, to the defendant to plead anew in respect thereof.

The counterclaim of defendant Price sets up a conspiracy between plaintiff and defendant Wacke, the sufficiency of which as such a cause of action appears to have been conceded by plaintiff and defendant Wacke (page 1, brief of defendant Price). In *Place* v. *Minster* (65 N. Y. 89, at p. 95) it is stated: " The essence of a conspiracy, so far as it justifies a civil action for damages, is a

concert or combination to defraud or to cause other injury to person or property, which actually results in damages to the person or property of the person injured or defrauded."

It was said in that case and it may be said here: " All the necessary elements are present, according to the case made by " the defendant Price. (See, also, *Green* v. *Davies*, 182 N. Y. 499; *Moskin* v. *Lyden*, 200 App. Div. 304.)

By section 266 of the Civil Practice Act a counterclaim " must tend to diminish or defeat the plaintiff's recovery." It cannot be seriously disputed that a recovery by the defendant Price would diminish or defeat the plaintiff's recovery. The grounds urged for its dismissal are principally that it does not arise out of the contract or transaction set forth in the complaint and is not connected with the subject of the action and did not exist at the time of the commencement of the action. Without passing upon the other grounds it will suffice to say that its connection with the subject of the action is clear.

In *New York Trust Co.* v. *American Realty Co.* (215 App. Div. 416, at p. 421) the court stated: " ' The word " connected," ' say the court in the case of *Carpenter* v. *Manhattan Life Ins. Co.* (93 N. Y. 552, 556), ' may have a broad signification. The connection may be slight or intimate, remote or near, and where the line shall be drawn it may be difficult sometimes to determine. The counterclaim must have such a relation to, and connection with, the subject of the action that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counterclaim should be settled in one action by one litigation; and that the claim of the one should be offset against, or applied upon, the claim of the other.' It is difficult to conceive of a state of facts where it would be more in accord with the principles of justice and equity to permit of a counterclaim than in the case at bar." (See, also, *Siebrecht* v. *Siegel-Cooper Co.*, 38 App. Div. 549.) It, therefore, follows that the counterclaim set forth is valid and available as such in this action. The branch of the motion to dismiss the same is accordingly denied.

Defendant may, within ten days from service of copy of order to be entered herein, serve an amended answer as indicated herein. Settle order.