EDWARD L. SHERMAN, Respondent, *v.* GLADYS M. SHERMAN, Appellant.

SHIENTAG, J. (dissenting). I vote to reverse and to grant judgment in favor of the wife for a judicial separation on the ground of, abandonment unless, within a specified time, the plaintiff husband signifies his willingness to return and to live with her. The judgment should also provide that if the wife persists in the charges against her husband, which will be referred to hereafter, the husband be given leave to institute a new action for the relief here sought. The learned court below found the wife guilty of cruel and inhuman treatment of her husband because on various occasions, she, in effect, charged him, to his face and before third persons, of infidelity, or having an affair with a married woman named in connection with those charges. The defendant, otherwise concededly a loving and considerate and dutiful wife, has, by the judgment appealed from, been judicially separated from her husband and deprived of her right to be supported by him.

The problem presented in this case is a most unusual and difficult one. The married woman, at whose home the parties to the marriage here involved met for the first time, knew the plaintiff for many years when he was single. He was a friend of the family. This married woman must have said or suggested something to the defendant about the plaintiff that rankled from the very outset in the wife's breast. She refused to have this married woman at their wedding, refused to have dinner with her shortly thereafter, and rejected the flowers sent on the husband's birthday. Some observation or intimation made by this married woman, intentionally or otherwise, started the whole trouble. It may well be that the defendant misinterpreted or, in her own mind, magnified and distorted what was said about the man she was to marry. I am far from condoning the wife's conduct but, according to the record before us, she did not act maliciously or wantonly. She believed what she said. She may have had an obsession on the subject, but it was induced by her love for her husband, not by any desire to hurt or harass him. Moreover, the record does not indicate to me that the husband acted with that consideration and solicitude and regard for appearances which the situation required.

From a strictly legal standpoint, I believe that it has not been shown, by competent proof, that the charges made by the defendant wife impaired the health of her husband, but I prefer not to rest my decision on any such narrow legal basis. A very troublesome question of human relations was presented. A feeling of jealousy is hard to erase from the mind and is apt to arouse suspicions and apprehensions verging on the pathological. The court should

have appointed a psychiatrist of his own choice to make the necessary examinations. Defendant may have reached the point where she was unable to distinguish between right and wrong in the situation that troubled her so acutely from the inception of the marriage. She may be ill and need psychiatric or other treatment or a course of conduct might be required other than that pursued by the husband, however good his intentions may have been. It certainly does not warrant discarding the wife and freeing the husband of the obligations entailed by the marital relationship. When parties marry and take each other in sickness and in health, those words are something more than a meaningless formula.

I conclude therefore, as I have indicated at the outset, that the judgment in favor of the husband should be reversed and judgment awarded to the wife for a judicial separation on the ground of abandonment unless, within a specified time, the plaintiff husband signifies his willingness to return and to live with her.

Peck, P. J., Callahan and Van Voorhis, JJ., concur in decision; Shientag, J., dissents in opinion in which Bergan, J., concurs.

Judgment affirmed. No opinion.