Louis L. Fbiedmah, J.
Motion by defendant for permission to serve an amended answer.
The action is against one claiming to be the widow of Emil Horowitz, deceased, for a declaration that the marriage between defendant and the deceased is void and that plaintiff is the lawful widow of said deceased. The answer is, in effect, a general denial. The proposed amended answer seeks to add a separate and distinct defense of res judicata. The answer alleges the filing by plaintiff, as the alleged widow of decedent, of a claim for payment of a lump sum death benefit with the Bureau of Old Age and Survivor’s Insurance of the Social Security Administration and the disallowance of such claim by said bureau. It further alleges that plaintiff requested and obtained a hearing to review the determination, that the determination was affirmed and that a further appeal to the appeals council of the Social Security Administration was decided against plaintiff and that by reason thereof the validity of defendant’s marriage to the decedent has been determined and plaintiff is estopped from a second trial of the issue.
Ordinarily, the sufficiency of a defense or counterclaim should not be decided on a motion for leave to serve an amended pleading. However, where the pleading is clearly bad it may be so decided (Dumbadze v. Agency of Can. Car & Foundry Co., 38 N. Y. S. 2d 991, affd. sub nom. Gurge v. Agency of Can. Car & Foundry Co., 267 App. Div. 782; Blessington v. McCrory Stores, 198 Misc. 291). To sustain the defense of res judicata it must be shown that the parties, issue and subject matter are the same (Borgos v. Price, 140 Misc. 287). Res judicata is a defense only *464 in those' cases involving the same parties or their privies and the same subject matter (Matter of Mills, 171 Misc. 42). Defendant was not a party to the proceeding before the agencies of the United States Government. Nor are the issues the same. Here, the question is whether the divorce in Nevada was validly procured and whether or not all of the jurisdictional requirements were satisfied so that such decree in said State binds the plaintiff, a, resident of this State. The bureau has no authority and is not empowered by law to determine such questions in order to enter a judgment determining such issues and other issues necessarily required to be determined to establish the rights of the parties to this action. The sole jurisdiction and power of the bureau was to determine the payment or nonpayment of social security. For that purpose the Nevada divorce, until set aside, was sufficient to support its determination.
The defense set up in the proposed amended answer being clearly insufficient in law, the motion to amend is denied. Settle order on notice.