George W. Herz, J.
A passenger in an auto, owned and operated by the plaintiff Celia Sunshine, was injured when it was in collision with a bus owned by the defendant Green Bus Lines, Inc., and operated by the defendant Fred Berber. In an action in negligence instituted by the passenger as plaintiff, recovery was had by her against both the plaintiff Celia Sunshine and the defendant Green Bus Lines, Inc., who were codefendants therein.
The defendant Green Bus Lines, Inc., now moves to amend its answer to plead as an affirmative defense of res judicata the recovery of the judgment by the passenger against both of the defendants in the aforesaid action.
Glaser v. Huette (232 App. Div. 119, affd. 256 N. Y. 686) holds that the judgment in a passenger action is not res judicata in an action by one of the codefendants against the other. The reasoning assigned by the court in arriving at its conclusions in Glaser v. Huette was that the codefendants were not adversaries and that no duty existed to contest the issue of negligence between them and further that no pleadings existed between them.
This court is in accord with the conclusions of Halpern, J., concurred in by Williams, P. J., in Ordway v. White (14 A D 2d 498) that the Glaser case is no longer controlling in view of the statutory and decisional changes in the law of this State which have occurred since the decision in that case. The changes, including sections 211-a and 212 of the Civil Practice Act (now CPLB 1401, 1402, 1002, 5012); trial practice with respect to challenges in the selection of the jury, cross-examination of witnesses and all the other incidents of the trial; the right of a codefendant who pays the judgment in full without appealing, when the codefendant appeals, to be substituted as the respondent upon the appeal in place of the plaintiff; the right of code *1038 fendants to examine each other before trial, make them true adversaries as to each other.
However, in granting the within motion for leave to serve an amended answer as requested, the court is not faced with the necessity in so doing to follow Glaser v. Huette (supra). All that is presently before the court is an application for leave to amend the defendant’s answer. Subdivision (b) of rule 3025 of the Civil Practice Law and Rules provides that leave to amend shall be ‘1 freely given ’ ’.
Unless it clearly appears that the proposed new matter sought to be pleaded is without merit, the court will not, on a motion of this type, pass upon the merits or legal sufficiency of the proposed pleading. (4 Carmody-Wait, New York Practice, p. 566 and cases cited therein.) As hereinabove indicated, the court is not of the opinion that the proposed affirmative defense of res judicata is clearly without merit.