Bernard Tomson, J.
In this negligence case, the plaintiff moves for summary judgment and relies principally on the doctrine of collateral estoppel.
The plaintiff was the owner and operator of the second car in a three-car collision. The defendants are the owners and operator of the third car. The plaintiff and the present defendants were defendants in an earlier action involving the same accident in which the passengers in the first car sued to recover *209 for injuries sustained. In the prior action, the complaint was dismissed as against the present plaintiff at the close of the plaintiff’s case. After a jury verdict, judgment was entered in favor of the plaintiffs there against the present defendants.
On any theory, the motion for summary judgment must be denied. If Glaser v. Huette (232 App. Div. 119, affd. 256 N. Y. 686) is still controlling in this Department, the earlier judgment would not determine the present action since the codefendants there would be held not adversaries requiring a finding that the issue of negligence was not contested between them. There is, however, considerable doubt that the doctrine of Glaser v. Huette is now controlling. (Cf. Sunshine v. Green Bus Lines, 41 Misc 2d 1037, a Supreme Court, Queens County, case where Herz, J. cites with approval the concurring opinion of Halpeek, J. in Ordway v. White, 14 A D 2d 498.) In the Ordway case (4th Dept.) the majority affirmed without opinion. The lower court there denied a motion for summary judgment holding that the doctrine of Glaser v. Huette had not been abrogated by the determination of the Court of Appeals in Hinchey v. Sellers (7 N Y 2d 287). The concurring opinion in the Ordway case held (p. 498) that the Glaser case is no longer controlling and that codefendants in a negligence case are true adversaries as to each other; that each seeks “ to hold in the other defendant or defendants ’ ’ so as to recover contribution if held liable as well as seeking to be exonerated from liability to the plaintiff.
The concurring opinion then states (p. 499): “Upon the basis of the statutory enactments and the decisions cited above, subsequent to the Glaser case, it must be concluded that, under the present law, the codefendants in a passenger’s action are adversaries as to each other. It then follows as a matter of course that the principles of res judicata are applicable in full force to any claims subsequently made by one against the other. Under the long-established principles of res judicata the finding of negligence in the passenger’s action may then be used, offensively and defensively, by either of the former codefendants against the other in any subsequent action between them with respect to a claim growing out of the same accident.” (Citing authorities.)
There is, however, another criterion to be applied before the doctrine of collateral estoppel is applied as a defense and that is set forth in Judge Halpebjst’s opinion at pages 500 and 501: “ Under the view now prevailing in New York State, the only absolute requirement, at least for the defensive use of res judicata, is the identity of issues. ‘ [I]n determining the applic *210 ability of the doctrine of res judicata as a defense, the test to be applied is that of " identity of issues ” ’ (Israel v. Wood Dolson Co., 1 N Y 2d 116, 120, supra). Apart from the requirement of ‘ identity of issues ’, the only question, where an estoppel is sought to be asserted as a defense by one who was not an adversary in the prior action, is whether it is fair and just to allow him to assert the estoppel, that is, whether the party against whom the estoppel is sought to be asserted had had a full and fair opportunity to try out the issue and whether the allowing of the defense would serve the basic policy underlying the rule of res judicata.”
Where as here, only the pleadings and the judgment in the earlier case are presented and the judgment shows that the complaint was dismissed at the end of the plaintiffs’ case against the present plaintiff, this court, as in the Ordioay case, must conclude that it has not “ been sufficiently demonstrated in this case that the issues in the two actions arc identical.” The language at page 502 is appropriate: “ As has been noted above, three cars were involved in the accident in this case and there were two separate collisions. In that situation, the issue of contributory negligence of the plaintiff in the present action is not necessarily identical with the issue of his negligence as a defendant in the passenger’s action. The question of identity of issues cannot be determined without an examination of the ivhole record in the prior action, including the pleadings, the transcript of the testimony and the Judge’s charge (cf. Ripley v. Storer, 309 N. Y. 506, 519). If, upon an examination of the record, it is found that the issues of fact were identical, the present action will be barred and the plaintiff’s complaint will have to be dismissed. (Hinchey v. Sellers, 7 N Y2d 287.) But no determination of that question can be made upon the meager record which was presented upon the defendant’s motion for summary judgment, consisting only of a copy of the Cleric’s minutes and the judgment entered in the prior action.” (Emphasis supplied.)
Compare on this issue Friedman v. Park Lane Motors (18 A D 2d 262).
The affidavits raise questions of fact as to the happening of the accident, which may be resolved only at a plenary trial. The motion is in all respects denied.