Bernard Tomson, J.
On April 2, 1964, Penrod Morton, one of the defendants here, was granted a judgment of separation against James Morton, the other defendant. The sole issue on this motion for summary judgment is whether that prior judgment of separation is res judicata as to plaintiff tradesman on the question of nonsupport. If that issue was determined on the merits in the separation action, the result is binding on the tradesman. See Weidlich v. Richards (276 App. Div. 383, 384-385) where the court said: “After trial, however,, there is no occasion for weighing probabilities or relying on preliminary showings. A determination has been made on a full showing, which determines not only the rights of the parties as between themselves but also such incidental derivative rights as tradesmen or others may claim for providing the wife with necessaries. That the judgment must have that scope and effect follows from *715 the legal concept on which such claims are based, i.e., that a husband is liable for the necessaries of his wife while she is living apart from him due to his fault. His fault and her right to a separate living are the issues in any action for necessaries, whether the action is brought by the wife or by the supplier of the alleged necessaries (Constable v. Rosener, 82 App. Div. 155, affd. 178 N. Y. 587; McDermott v. Books, 128 Misc. 17, affd. 218 App. Div. 849). When those issues have once been determined in an action between the principals, the determination is res judicata not only of the wife’s claims, but also of the cognate claims of her creditors.”
CPLR 5013 provides the criteria for the determination of this motion: "A judgment dismissing a cause of action before the close of the proponent’s evidence is not a dismissal on the merits unless it specifies otherwise, but a judgment dismissing a cause of action after the close of the proponent’s evidence is a dismissal on the merits unless it specifies otherwise.”
CPLR 5013 would require an examination, in the separation action, of the judgment, the pleadings and the testimony to determine whether the issue was raised and whether the cause of action was dismissed before or after the close of the proponent’s evidence. (Cf. Panakos v. Corbecki, 44 Misc 2d 208 and cases there cited; Garfield v. Equitable Life Assur. Soc. of U. 8., 205 N. Y. S. 2d 758, 762; Mink v. Keim, 291 N. Y. 300.)
An examination of the papers in the prior proceeding reveals that the fourth cause of action in the complaint was for nonsupport. The motion to dismiss that cause of action was made at the end of the plaintiff’s ease and then again at the end of the entire case. Decision on these motions was reserved. In the court’s decision the motions were granted “ for failure of proof”. (Morton v. Morton, N. Y. L. J., March 19, 1964, p. 18, col. 8, p. 19, col. 1 [Suozzi, J.].)
The judgment dated April 2, 1964, however, recited only that “ [t]he first, second, fourth and fifth causes of action alleged in plaintiff’s complaint are dismissed.” It would follow, therefore, that a literal application of the language of CPLR 5013 would require a determination that the dismissal of the cause of action for nonsupport was on the merits since it was granted “ after the close of the proponent’s evidence,” and the judgment does not state that such dismissal was not on the merits.
CPLR 5013, in substance, restates section 482 of the Civil Practice Act. The cases apply that section literally and would require a holding that the language of the judgment in the matrimonial action is conclusive on the question of nonsupport. (Hansen v. City of New York, 299 N. Y. 136,138; De Laurentis *716 v. Seafarers Port O’Call Corp., 6 Misc 2d 697, affd. 5 A D 2d 674; Donner v. Baker, 11 A D 2d 905; Riley v. Pierce Oil Corp., 245 N. Y. 152, 154; Data-Guide v. American R.D.M. Corp., 18 A D 2d 995; Giglio v. Haber, 19 A D 2d 703; Lesser v. Migden, 328 F. 2d 47, 49; but, see, Mink v. Keim, 291 N. Y. 300; Sarama v. Sarama, 261 App. Div. 875; Overseas News Agency, v. Overseas Press, 185 Misc. 1010; and, cf., Garfield v. Equitable Life Assur. Soc. of U. S., 205 N.Y S. 2d 758, 762; Brenner v. Puchall & Co., 9 N. Y. S. 2d 777.)
The defendant Penrod Morton can avoid this result only by a successful application in the Supreme Court to amend, modify or correct the judgment (De Laurentis v. Seafarers Port O’Call Gorp., supra). (See, also, 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5011.5, 5013.03, 5013.05, 5019.01 et seq.)
It perforce follows that judgment must be directed to be entered in favor of the plaintiff for the relief demanded, with costs and disbursements.