Richard J. Cardamone, J.
This is a motion brought pursuant to CPLR 3025 (subd. [b]) by the plaintiff to obtain leave of the court to serve an amended complaint on the defendant.
The- plaintiff originally brought an action on January 27, 1965, for a legal separation on the grounds of cruel and inhuman treatment. A number of allegations were contained in the complaint relating to the defendant husband’s silence and statements to the effect that he did not love the plaintiff and that he ignored her, etc. The defendant interposed an answer containing a general denial on February 24, 1965.
On February 15, 1965 the plaintiff wife moved out of the family home to an apartment taking with her the furniture as well as two of the three infant children of the marriage. On *459 March 4, 19C5 the defendant husband served an amended answer to the complaint containing a counterclaim charging the plaintiff wife with adultery on two specific occasions, i.e., February 20 and February 27, 1965, as well as a second counterclaim alleging that the plaintiff wife abandoned him on the 15th of February.
On April 17, 1965, the plaintiff wife attempted to serve a proposed amended complaint upon the attorneys for the defendant which proposed amended complaint has been furnished the court and which sets forth as additional grounds for separation the charges of adultery contained in the defendant’s amended answer on the basis that such charges are maliciously made and unfounded and that such constitute cruel and inhuman treatment of the plaintiff by the defendant. The defendant’s attorneys have refused to accept the amended complaint and for that reason this motion was brought before the court to obtain the leave of the court to serve the same.
CPLR 3025 (subd. [b]) provides: “A party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances.” This section is to be liberally construed to permit pleadings to be amended. The statute itself uses the words “freely given” and such is the policy of the courts of this State in the absence of laches, undue prejudice and unfair advantage. Upon consideration of the motion, the court will not examine the merits or legal sufficiency of the proposed amendments unless it is clearly and patently insufficent on its face. (Horowitz v. Kempner, 8 Misc 2d 462; Sunshine v. Green Bus Lines, 41 Misc 2d 1037.)
Malicious accusations of adultery, if unfounded, have been held to constitute cruel and inhuman treatment sufficient to obtain a decree of separation in this State. (Sherman v. Sherman, 103 N. Y. S. 2d 374, affd. 279 App. Div. 888, affd. 304 N. Y. 911.) The question presented is whether the conduct of the defendant husband subsequent to the time when he and the plaintiff wife were no longer living together can be used by her as additional grounds for a separation. This must be answered in the affirmative. This court can conceive of situations where one or the other spouse, living separate and apart from each other, but still married, may conduct themselves in such a harassing, cruel and vicious manner toward the other so as to constitute cruel and inhuman treatment sufficient for a court to grant a decree of separation between the parties. *460 There is no magic in the mere fact that the parties do not happen to he living under the same roof at the time when the actions take place upon which the allegations of the complaint are based. This conduct by the defendant, if shown to be malicious and unfounded, may be additional ground to be used by the plaintiff in her action for a separation. As the Court of Appeals stated in (De Meli v. De Meli (120 N. Y. 485, 493-494): “ And, although such accusation was made by the defendant after the plaintiff left him, it, if made without any reasonable cause, might furnish some evidence legitimately bearing upon his feeling toward the plaintiff, and thus characterize somewhat his treatment of her as she represented it, while she remained with him ”.
The plaintiff was not guilty of laches in her attempt to serve this proposed amended complaint 20 days after the service of the same could have been made by her as a matter of right. (CPLR 3025, subd. [a].)
The defendant husband’s position has validity when the charges made by the defendant as to the plaintiff’s misconduct are shown to be true. If such proves to be the case, the plaintiff wife’s subsequent misconduct, after removing herself from the marital' home, may serve as a bar to her own original action for a separation. (Nilsen v. Nilsen, 16 Misc 2d 396, 397; Axelrod v. Axelrod, 2 Misc 2d 79; Doe v. Roe, 23 Hun 19, 21-22.)
The plaintiff’s motion to amend her pleadings is granted. It is expected that upon this matter being reached for trial the defendant’s counterclaim for divorce will be tried first. If the defendant is successful, the plaintiff’s original cause of action for a separation, as well as the amended cause of action stating the additional unfounded charges of adultery, will become academic. If the defendant is unsuccessful in his divorce action, the court will then be in a position to consider the plaintiff’s action for a separation in which case these charges of the defendant, having been shown to be unfounded in the divorce action, should be considered as bearing on the allegations of the defendant’s cruel and inhuman treatment of the plaintiff. (Sherman v. Sherman, supra.)
Plaintiff to submit an order providing that the defendant retain (or accept) service of the amended complaint with 10 days’ time to serve a responsive pleading, if defendant be so advised.