BRUCE HIGGINBOTHAM, Respondent, *v.* JOHN E. RATH et al., Appellants, and RAYMOND W. THOMPSON et al., Respondents.

Second Department, May 6, 1968.

*Patrick F. Adams* (*O'Hagan & Reilly* [*Henry J. O'Hagan*] of counsel), for appellants.

*Carman, Callahan & Carman* (*John F. Mulholland* of counsel), for Bruce Higginbotham, respondent.

*Warburton & Connolly* (*Gary Flanner Olsen* of counsel), for Raymond W. Thompson and another, respondents.

BRENNAN, J. Plaintiff, a passenger in an automobile owned by defendant Harold G. Thompson and operated by his son, defendant Raymond W. Thompson, was injured when a collision occurred between the Thompson automobile and an automobile owned by defendant Radory Construction Corp. and operated by defendant Rath.

The Thompsons sued defendants Rath and Radory Construction Corp. in the District Court of Nassau County, to recover for damage to property and for personal injuries sustained as a result of the collision. A jury awarded a total of $1,125 to the Thompsons against defendants Rath and Radory and a judgment was entered thereon on April 9, 1963.

On or about April 25, 1964, plaintiff instituted the instant action against the Thompsons and Rath and Radory to recover damages for personal injuries On the eve of trial, defendants Thompson moved for leave to serve an amended answer in order to plead the affirmative defense of *res judicata*, contending that this defense was based on the judgment entered in the District Court in their favor against defendants Rath and Radory and asserting that the issue of negligence on the part of both drivers had therein been determined.

Special Term conditionally granted the motion on the ground that the merits of the proposed amended pleading should not be examined by the court unless it clearly appeared that the new matter therein was without merit and that the issue as to merit is " better left for determination by the trial court or by a motion addressed to the sufficiency of the defense."

While there are cases in which the issue as to the validity of a defense of *res judicata*, collateral estoppel or estoppel by judgment was determined on a motion for leave to serve an amended answer pleading such a defense (*Minkoff* v. *Brenner,* 10 N Y 2d 1030; *Glaser* v. *Huette,* 232 App. Div. 119, affd. 256 N. Y. 686), it is our view that here Special Term did not improvidently exercise its discretion in granting the motion for permission to serve the amended answer and leaving the issue as to the sufficiency of the defense for determination on a subsequent motion or by the trial court (cf. *Leutloff* v. *Leutloff,* 47 Misc 2d 458; *Cohen* v. *Dana,* 273 App. Div. 1017).

Subsequent to the service of an amended answer as permitted by the Special Term, defendants Rath and Radory moved to strike out the affirmative defense of *res judicata* in the amended answer. They contended that the plaintiff had not been a party to the District Court action and, in addition, that they were

aggrieved persons entitled to make the motion. While the plaintiff made no motion with respect to the subject defense, he submitted a supporting affidavit subscribing to the position taken by defendants Rath and Radory. Special Term denied the motion solely on the ground that the movants were not in a position to question the sufficiency of a defense in their codefendants' answer addressed to the complaint, but without prejudice to any motion the plaintiff might make concerning the propriety of the defense or to any appeal he might take from the order permitting the service of the amended answer. However, the plaintiff made no motion addressed to the propriety of the defense pursuant to the leave given by Special Term; nor did he take an appeal from the order permitting the interposition of the subject defense.

As a general rule, a defendant is not aggrieved by a separate defense or counterclaim pleaded by a codefendant only against the complaint and he is not aggrieved by an order denying a motion to strike out such defense or counterclaim (*Isaacs* v. *Pan Amer. Trading Co.*, 7 A D 2d 757).

Problems involving joint tort-feasors and issues as to whether one party is aggrieved and has status to object to a determination are occasionally troublesome. They often arise in cases involving the issue of contribution. There is a general rule that, prior to judgment in a negligence action involving joint tort-feasors and prior to the time when the issue of contribution becomes directly relevant, one defendant is not aggrieved by a determination in favor of a codefendant against the plaintiff (cf. *Ward* v. *Iroquois Gas Corp.*, 258 N. Y. 124: *Helou* v. *Nationwide Mut. Ins. Co.*, 25 A D 2d 179; *Storch* v. *Moritsky*, 24 A D 2d 1027; *Petroff* v. *Brzezinski*, 24 A D 2d 1072; CPLR 1401, 1402). The '' loss of an inchoate or potential right to contribution is not sufficient to confer standing to appeal; where the conditions of a matured right of contribution — i.e., both a joint judgment and payment of more than a pro rata share of it — did not exist '', the defendants who alone remain liable are not aggrieved by the exoneration of their codefendants (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5511.08). In Weinstein-Korn-Miller it is stated that '' similarly, in the case of non-final determinations, one defendant may not appeal from an order adverse to his codefendant but not to himself, such as an order striking defenses and counterclaims asserted only by the codefendant.''

If it were to be held that the defense of *res judicata* is valid it would result in a holding that, as a matter of law, defendants Thompson were free from any negligent act and that their codefendants alone were negligent. Accordingly, the defense

would be beneficial to defendants Thompson but directly prejudicial to defendants Rath and Radory. (It may be noted that such a defense might be prejudicial to the plaintiff depending upon the extent of his injuries, the financial standing of defendants Rath and Radory and the extent of their insurance coverage.) Thus, it is our opinion that defendants Rath and Radory are aggrieved parties and have standing to question the validity of the subject defense. Under the doctrines expressed in cases such as *Neenan* v. *Woodside Astoria Transp. Co.* (261 N. Y. 159); *Grande* v. *Torello* (12 A D 2d 937); *Friedman* v. *Salvati* (11 A D 2d 104); *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686, *supra*); and *Bartolone* v. *Niagara Car & Truck Rentals* (29 A D 2d 869), the defense of *res judicata* is not a valid defense.

The order dated September 29, 1967 should be affirmed, without costs. The order dated November 29, 1967 should be reversed, on the law and the facts, without costs, and the motion to strike out the affirmative defense of *res judicata* should be granted, without costs.

BELDOCK, P. J., CHRIST, RABIN and HOPKINS, JJ., concur.

Order dated September 29, 1967 affirmed, without costs; order dated November 29, 1967 reversed, on the law and the facts, without costs; and appellants' motion granted, without costs.