■ CYG-KNIT MILLS, INC., Respondent, v. DENTON SLEEPING GARMENT MILLS, INC., Appellant, and CENTREVILLE MILLS, INC., et al., Respondents.— So much of the order entered February 17, 1966, as herein appealed from, unanimously modified, on the law and in the exercise of discretion, to modify the second or final ordering paragraph to provide that the dismissal of the second, third and fourth affirmative defenses and the first and second counter-

claims and setoffs be dismissed without prejudice to an application at Special Term upon proper papers for leave to replead and amend said defenses and counterclaims to set forth the precise claims and defenses involved with particularity. As so modified the order appealed from is otherwise affirmed, with $50 costs and disbursements to respondent. With respect to the second affirmative defense, attention of appellant is directed to the provisions of CPLR 3016 (subd. [b]) which provide in part "Where a * * * defense is based upon * * * fraud [or] breach of trust * * * the circumstances constituting the wrong shall be stated in detail." Tested by this standard the general allegation that plaintiff, a sales agent of appellant, conspired to and did divert orders from one company to another is clearly insufficient. The third and fourth affirmative defenses and first and second counterclaims, in form, are alleging a conspiracy between plaintiff and the other defendants, including Centreville, a licensee, to cause Centreville to breach a contract. This is not sufficient (*Deming* v. *Hill*, 251 N. Y. 573). If appellant is complaining of the tort of inducing a breach of contract, as it seems to be attempting to do, it should recite in nonconclusory language facts establishing all the elements of a wrongful and intentional interference with its contractual rights (*Lamb* v. *Cheney & Son*, 227 N. Y. 418; *Hornstein* v. *Podwitz*, 254 N. Y. 443). The supporting papers of appellant complain of wrongs allegedly perpetrated and its denial of access to necessary information in support of its contentions. It appears that the dismissal occurred while an examination of plaintiff, earlier sought, was pending. Sufficient is shown to indicate that appellant may be able to show by evidentiary demonstration that it has good grounds to support its affirmative defenses and claimed causes of action. It should be afforded the opportunity to do so (*Cushman & Wakefield* v. *John David, Inc.*, 23 A D 2d 827; 25 A D 2d 133; CPLR 3211). Concur — McNally, J. P., Stevens, Capozzoli and Witmer, JJ.