OPINION OF THE COURT
Harold Enten, J.
The Grand Jury of Bronx County, on June 13, 1983, issued a subpoena duces tecum which compelled petitioner in the subsequent motion to quash, “Anonymous Rug Co.”, to turn over certain business records. No period of time was stated. The District Attorney, as advisor to the Grand Jury, herein has now moved to amend the subpoena to the extent of inserting the period of May 23, 1981 to May 23, 1983, thus limiting its scope to a definite time.
The District Attorney alleges that the omission of a definite time period was a purely ministerial error, that said amendment does not prejudice the subpoenaed party, and the motion to amend should thus be granted. Petitioner notes the District Attorney’s failure to cite any compelling authority.
After research into statutory and case law, this court finds that the issue, whether the court may allow a party to amend a Grand Jury subpoena duces tecum to the extent of inserting a more definite time period, is of novel impression. As I address the issue in this decision, the court is taking into account not only analogous civil procedure, but also the chilling impact which a negative opinion would have on the hitherto broad scope of the countless such subpoenas issued annually, as well as considerations of judicial economy.
*94 For the following reasons, this court holds in the affirmative, that the omission of a time limitation is not necessarily fatal to the subpoena duces tecum, pending a reasonably timely good-faith motion to amend the same by inserting a definite time period, and that the motion should be granted. Whether said time period is overbroad is, of course, a separate issue.
Insofar as the Criminal Procedure Law and other relevant statutory sources are silent on the issue, a circumstance which is reflected in equally silent criminal case law, it is useful to look behind the wider sweep of civil procedure and case law to gauge the broader intent of our Legislature and courts concerning a party’s desire to make motions or pleadings more definite.
Concededly, in the current case, the subpoena duces tecum is not a formal pleading, but rather a Grand Jury investigative device used to see if trial proceedings against a party should in fact be initiated. However, the case law is legion that the subpoena is intended for very liberal use, and its scope afforded a wide sway. A subpoena is expansive where pleadings have criteria of definiteness and relevancy. Courts which will pass over a Grand Jury’s arrogation of investigative power historically have evaluated pleadings more carefully as to precision. Yet, it is long-established practice in this jurisdiction that pleadings which are technically vulnerable may be amended upon motion so as to better define what it is that the pleading party seeks or wishes to accomplish. Clearly, we should not contrive procedures which are more stringent for the traditionally flexible and necessarily indefinite subpoena duces tecum.
CPLR 3016 (subd [b]) requires a certain, degree of specificity in pleadings so as to provide for effective and expeditious preparation by the parties for pretrial and trial matters. However, even when the pleading is technically defective, in the absence of prejudice to a substantial right of a party, the defect may be ignored. This effect shortcuts the superfluousness of the more archaic procedure whereby the pleading had to be dismissed with leave to replead. (Cf. Sprung v Zalowitz, 232 App Div 471.) Hence, if the pleading is sufficiently specific, and substantive, to permit the *95 framing of a reply, it is not necessary to go through the time-expensive procedure of corrective motions, and the matter may be fleshed out by pretrial proceedings. (See CPLR 3211, subd [d]; 3212, subd [f].)
If the pleading is so devoid of substance that it cannot be responded to, it may be dismissed under subdivision (a) or (b) of CPLR 3211; if the defect is correctible, the pleading party may have leave to replead in compliance with CPLR 3016 (subd [b]). (See, e.g., Cyg-Knit Mills v Denton Sleeping Garment Mills, 26 AD2d 800.) Of course, a middle ground exists where the adverse party may move under CPLR 3024 (subd [a]) for a more definite statement. The intended effect, though, whichever procedure is used, is to sustain pleadings if possible, and allow for corrective motions from either party when the pleading in substance cannot accomplish what is sought.
With a subpoena duces tecum, neither the Grand Jury nor the subpoenaed party has the luxury of awaiting pretrial procedures to hone in on the object for which the subpoena operates. It would appear that there are only two alternatives when the subpoena not otherwise lacking in substantive content is unwieldy as to time: that the subpoena be quashed out of hand, with leave to reissue, a palpably wasteful procedure; or, that the subpoena be amended in a reasonable manner, at the urging of either party. The two-year period offered herein clearly is reasonable.
CPLR 3025 (subd [b]), likewise, envisages a liberality of amending pleadings with leave of court or by stipulation of all parties. We need not digress into the vagaries of civil procedure to note, again, the strong legislative and judicial disposition towards allowing amendment of pleadings. CPLR 3025 (subd [b]) “is to be liberally construed to permit pleadings to be amended * * * in the absence of laches, undue prejudice and unfair advantage” (Leutloff v Leutloff, 47 Misc 2d 458, 459). Even if the merits of the amendment of the subpoena duces tecum in issue are weighed, in accordance with the First Department’s occasional reluctance to grant pleadings amendments out of hand (see, e.g., East Asiatic Co. v Corash, 34 AD2d 432), the District *96 Attorney’s desire to narrow the focus of the subpoena to a two-year period clearly is meritorious.
In the case at bar, regardless of whomever brought the problem concerning indefiniteness of time to light, the District Attorney as advisor to the Grand Jury has taken it upon himself to correct the Grand Jury’s own subpoena. The subpoena is not otherwise lacking in substantive content, and to correct it as such does not violate any substantive right of the subpoenaed party.
Such an alternative is clearly analogous to the civil option of providing a more definite statement, notwithstanding the fact that the adverse party brings the civil motion. A subpoena is a device of litigation which demands a reply; allowing for this minor amendment, which enhances a definiteness not otherwise flawed by failure of substantive content, allows the framing of the subpoenaed party’s reply. I don’t wish to belabor the point, but the amendment clarifies rather than alters the subpoena. Of itself this amendment does not act to the subpoenaed party’s substantial prejudice, lest one see detriment in sustaining a subpoena which would otherwise have to be quashed and reissued later in a form which might have been accomplished with relative ease by an amendment convenient for all parties.
Furthermore, insofar as the brunt of the subpoenaed party’s motion to quash focuses on a Fifth Amendment issue, and in a lesser sense on a Fourth Amendment question as to the breadth of the Grand Jury’s inquiry into record keeping, the holding in this decision deals squarely with the amendment issue and leaves the contentions in the motion to quash still standing, undiluted.
As to timeliness of the District Attorney’s motion to amend, in light of the sequence of events, this court holds that as a matter of law the time period involved was reasonable. The subpoena was issued on June 13, 1983, which elicited the motion to quash on June 29, 1983. The District Attorney had acknowledged his intention to amend on page 2 of his memorandum of June 30,1983. The current motion to amend was filed August 16. The time period entailed by the entire issue has been condensed commendably to a few weeks’ time. We will leave it to the *97 Legislature to set a more specific time in days for motion and service.
Furthermore, in light of the necessarily massive volume of subpoenas which issue forth from Grand Juries each year, the unique value of these subpoenas to the criminal justice system, their resulting benefit to society by virtue of providing a threshold inquiry which separates those charges which cannot be sustained from those which are indictable, and the nondispositive nature — except for granting or not granting indictments — of the Grand Jury process, the court is reluctant to impinge in a detrimental manner on an investigatory process which is perceived to be valuable and proper. A holding which would prohibit amendments to a Grand Jury subpoena duces tecum of the sort before this court would retard the process in a manner which is not in uniformity with proscriptions in either the Criminal Procedure Law or United States Constitution. A minor defect, whose flaw is not even established as such, which the issuing party seeks to rectify should not be used as a technical weapon to toss sand into the machinery of the Grand Jury. The amendment power should even be broad enough to encompass the myriad events and new information with which the Grand Jury constantly must grapple.
Finally, along these lines, even if analogous civil procedure was not considered by the court, the practical and jurisprudential demands of judicial economy would induce this court to grant the motion to amend. The alternative, disallowing the amendment even with the foreknowledge of the Grand Jury’s intention to issue a new subpoena with the added clarification, with no sum increase or decrease in the position of the subpoenaed party, would represent an insensitive and unwarranted superfluity for a system already endemically burdened with delay and expense.
Accordingly, the motion to amend the subpoena duces tecum is granted.